KRONSCHNABEL–SMITH COMPANY and Another v. CARRIE KRONSCHNABEL and Another.[1]

October 24, 1902.

Nos. 13,080—(47).

### Agreement not to Engage in Business—Injunction.

Defendants, husband and wife, sold certain stock shares owned by the wife in plaintiff mercantile corporation to plaintiff C., and also certain real property, owned by both husband and wife, then occupied and used by the corporation in its business, and as part of the transaction entered into a contract with both plaintiffs that neither would engage in the mercantile business in the small village in which the corporation was

[1] Reported in 91 N. W. 892.

doing business so long as it should continue in trade. Defendant husband violated the contract by engaging in the same business in the village. *Held*, in an action brought to restrain and enjoin defendants from continuing the business, that the consideration of the contract was sufficient as to the husband, and, further, that such contract was not void, as being in restraint of trade.

### Contract in Restraint of Trade.

The test to be applied in determining whether such a contract is reasonable or not is to consider whether the restraint is only such as is necessary to afford fair protection to the interest of the party in whose favor it is given, and not so large as to interfere with the interest of the public.

Action in the district court for Becker county, by plaintiff company and F. C. Clayton, to restrain defendants, Carrie Kronschnabel and John L. Kronschnabel, from carrying on a general mercantile business in the village of Frazee in said county. The case was tried before Baxter, J., who ordered that the action be dismissed as to defendant Carrie Kronschnabel and that judgment be entered against defendant John Kronschnabel, as prayed. From an order denying a motion for a new trial, defendant John Kronschnabel appealed. Affirmed.

*M. J. Daly*, for appellant.

*C. M. Johnston* and *J. H. Baldwin*, for respondents.

COLLINS, J.

This action was brought to restrain and enjoin each of the defendants, husband and wife, from carrying on a mercantile business in the village of Frazee. After the evidence was submitted to the court below, trying the case without a jury, it was dismissed as to the wife, and thereafter, upon findings of fact, judgment was ordered for the plaintiffs, restraining and enjoining the defendant husband from carrying on a mercantile business in any capacity or character whatsoever within the limits of said village. He appeals from an order denying his motion for a new trial.

From the findings it appears that in 1898 several persons, including defendant wife, organized a corporation for the purpose of carrying on general merchandising in the village, with a capital stock of $10,000; the life thereof to be ten years from the time of

its organization. Two years afterwards plaintiff Clayton purchased from the wife her stock shares in the corporation, par value $3,500, and also purchased from both defendants certain real property in the village, owned by them jointly, which, with the building thereon, was used and occupied by the corporation in its mercantile business. At the same time, and as a part of the transaction, it was agreed in writing between the corporation and the purchaser, Clayton, as parties of the one part, and the defendants, husband and wife, as parties of the other part, that neither of the latter should, jointly or individually, directly or indirectly, engage in the mercantile business in any of its branches, either as a principal, or as clerk, or as an agent, or as an employee, so long as the corporation continued in such business in the village. No claim is made that this contract was insufficient in form, or that it was ultra vires on the part of the corporation. It stands admitted that defendant John Kronschnabel soon afterwards entered into business in the village in direct opposition to that in which the corporation was engaged, and in violation of his contract, and was so engaged when this action was brought. It further appears that he was and is insolvent, and that, as against him, the plaintiffs have no speedy or adequate remedy at law for the breach of this contract.

1. The first assignment is that the court erred in ordering judgment in favor of the corporation and against defendant John. This is disposed of by saying that the latter contracted with the corporation that he would refrain from engaging in business, directly or indirectly, in opposition to that which it had already established and was actually pursuing. Having entered into this contract, Kronschnabel had no right to repudiate its terms, providing it was based upon a sufficient consideration, and was not void as being in restraint of trade. It was perfectly proper for the corporation and Mr. Clayton, who purchased the stock shares from the wife and the real property from both husband and wife for a lump sum, and as one purchase, to protect either or both by obtaining such a contract, providing, as before stated, it was not open to either of the objections before mentioned.

2. It is contended that there was no consideration for this con-

tract passing to Mr. Kronschnabel, and for that reason he cannot be bound by its terms. He was part owner of the real property, and to that extent, at least, interested in the negotiations through which this real property was disposed of, as well as the stock shares owned by his wife, in one single transaction or sale. He had been the active manager and bookkeeper of the corporation, having charge of the store, and controlling his wife's interest in the same. His method of conducting the business was such that, until the transfer was being made of the stock shares, Mr. Clayton supposed that the husband, not the wife, was the owner thereof. The consideration upon which the written contract rested was in part the purchase by Clayton of the real property owned by both husband and wife, and in part the purchase of the stock shares owned by the wife; both husband and wife agreeing, as part of the transaction, to enter into a contract embracing the terms of that now before us. This was done, and Clayton parted with his money relying upon it, when purchasing the shares and the real property. The consideration was sufficient as to both of the defendants.

3. It is contended that the contract is void as being in restraint of trade, but, as was said in National Ben. Co. v. Union Hospital Co., 45 Minn. 272, 47 N. W. 806:

"Each case must be judged according to its own facts and circumstances. * * * A party may legally purchase the business and trade of another for the very purpose of removing or preventing competition, coupled with an undertaking on the part of the seller not to carry on the same business in the same place or within the same territory; and the question of the reasonableness of the restraint of trade depends upon whether it is such only as to afford a fair protection to the party in whose favor it is made."

The contract now under discussion was not void as in restraint of trade, for it only applied to a small territory; nor was it void because indefinite as to duration. The period of its duration was, necessarily, the life of the corporation,—then about eight years. It is clear that the latter and Mr. Clayton, in whose favor the contract was made, were afforded by its terms nothing more than a fair protection in a small village for a fixed and short period of time.

The rule is stated in Mandeville v. Harman, 42 N. J. Eq. 185, 7 Atl. 37, as follows: "The test to be applied in determining whether a restraint is reasonable or not is to consider whether the restraint is only such as is necessary to afford a fair protection to the interest of the party in whose favor it is given, and not so large as to interfere with the interest of the public."

The question is exhaustively discussed in a note to Western Union Tel. Co. Burlington & S. W. R. Co. (C. C.) 11 Fed. 1. See also Central v. Cushman, 143 Mass. 353, 9 N. E. 629, and Diamond v. Roeber, 106 N. Y. 473, 13 N. E. 419. Finally, the rule is well announced thus: "Where the restraint contracted for appears to have been for a just and honest purpose, for the protection of the legitimate interests of the party in whose favor it is imposed, reasonable as between the parties, and not specially injurious to the public, the restraint is reasonable and valid." 22 Am. L. R. 887.

Order affirmed.