PETER ESPENSON v. WILLIAM KOEPKE.[1]

November 4, 1904.

Nos. 14,117—(40).

**Restraint of Trade.**

A certain contract not to engage in the same business within certain territory for a limited time, entered into by the seller of a business as part of the consideration, construed, and *held*: The contract is not void as being in restraint of trade and in violation of chapter 359, Laws 1899.

**Evidence.**

The evidence as to violation of the agreement justified the court in directing the jury to return a verdict for plaintiff.

Action in the district court for Sibley county to recover $2,000 for breach of the contract set forth in the opinion. The case was tried before Cadwell, J., who directed a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*W. H. Leeman,* for appellant.

*Huebner & Quandt,* for respondent.

LEWIS, J.

Plaintiff and defendant entered into the following agreement:

Winthrop, Minnesota, April 21st, 1902.

In consideration of Peter Espenson of Winthrop, having purchased all my right, title and interest in the butcher business and the business of buying, selling and shipping hogs and cattle, of the firm of Koepke & Espenson, and all my interest and

1 Reported in 101 N. W. 168.

title in the property of said firm, and paid me therefor and the good will of the business the sum of Sixteen hundred and fifty dollars; I do hereby agree to and with said Peter Espenson that I will not carry on any butcher business or business of buying, selling and shipping hogs and cattle on my own account or operate, conduct or manage either as agent or employee any butcher business or business of buying, selling and shipping hogs and cattle in the villages of Winthrop, Gaylord and Gibbon, in the state of Minnesota, and that I will not buy hogs and cattle on my own account or as agent or employee within the territory extending south of said Winthrop to the line between Sibley and Nicollet counties, Minnesota, and east, north and west of said Winthrop a distance of ten miles. Should I at any time within the period of five years violate my agreement above mentioned and carry on any butcher business or business of buying, selling and shipping hogs and cattle on my own account or operate either as agent or employee any butcher business or business of buying, selling and shipping hogs and cattle at said Winthrop, Gaylord or Gibbon, or buy on my own account or as agent or employee any hogs or cattle within the territory around said Winthrop above mentioned and described, I agree to pay said Peter Espenson the penal sum of Two Thousand ($2,000) dollars.                         William Koepke.

This action was brought to recover the sum of $2,000 stipulated in the contract as damages for a breach thereof. At the close of the case the trial court directed a verdict for plaintiff for the full amount, with interest, and this appeal presents two questions: Was the contract void as being in restraint of trade and in violation of chapter 359, Laws 1899? Was the evidence conclusive that the contract had been violated by defendant?

1. The contract which forms the subject of this action does not belong to that class of agreements prohibited by chapter 359. That chapter has application to those combinations, conspiracies, and trusts which have for their purpose the restraint of trade or commerce, or which tend to limit or control the supply of any article, commodity, or utility, or to limit, control, or raise the market price of such article,

and which interfere with open and free competition. The subject-matter of this contract was the sale and transfer of the business, and as a part of the consideration the seller agreed to refrain from conducting such business within certain limits for an agreed period. The agreement is definite as to the territory limited, viz., a distance of ten miles around the village of Winthrop (presumably the district within which the partners conducted business). It is also definite as to time, and there is nothing unreasonable in its terms. The restraint provided is only such as is necessary to afford fair protection to plaintiff, and is not so large as to interfere with the interests of the public—the proper test to be applied in such cases. Kronschnabel-Smith Co. v. Kronschnabel, 87 Minn. 230, 91 N. W. 892.

2. The evidence was conclusive that, notwithstanding this contract, defendant, within five years from the time of its execution, deliberately entered into the business of dealing in live stock in the prohibited territory, and the court was warranted in directing the jury to return a verdict for plaintiff.

Order affirmed.