GEORGE A. SOUTHWORTH and Another v. JAY DAVISON and Another.[1]

November 20, 1908.

Nos. 15,838—(85).

**Sale of Good Will.**
> A sale of the good will of an established business in connection with a sale of the business is not, if reasonable in other respects, void because unlimited as to time.

**Sale by Partnership.**
> Such a sale by a partnership binds the members thereof individually as well as copartners.

Action in the district court for Rice county to recover $5,000 damages for an alleged breach of contract and to restrain defendants from engaging in the laundry business within a radius of five miles from the city of Northfield. From an order, Buckham, J., overruling defendants' demurrer to the complaint, they appealed. Affirmed.

[1] Reported in 118 N. W. 363.

*William W. Pye* and *Charles R. Pye,* for appellants.
*Childress & Barrett* and *Thomas H. Quinn,* for respondents.

BROWN, J.

This action was brought to restrain and enjoin defendants from engaging in the laundry business within a radius of five miles from the city of Northfield. Defendants interposed a general demurrer to the complaint and appealed from an order overruling it.

The complaint alleges that prior to December 21, 1906, defendants had established, and for several years theretofore had conducted, in the city of Northfield a steam laundry under the copartnership name of Davison & Lyman, and were enjoying a large and profitable trade; that on the date stated plaintiffs and defendants entered into a contract under and by which plaintiffs purchased from defendants said business and all property used in the operation and conduct of the same for the consideration of $5,000. The contract was in writing and contained, among other things, the following stipulation: "It is further stipulated that vendors hereby sell and transfer the good will of the Davison & Lyman steam laundry to the vendees herein and agree not to engage in the laundry business within a radius of five miles from the city of Northfield, Minnesota." The complaint further alleges that thereafter, and notwithstanding the sale of said business and the good will thereof, as above stated, defendants in violation of the above agreement, organized and equipped a corporation for the purpose of conducting and carrying on a laundry business in said Northfield, and that they are now operating the same with others associated with them. The prayer for relief is that plaintiffs recover of defendants $5,000 damages for the violation of the contract, and that defendants be restrained and enjoined from continuing in said business either as members, stockholders, or agents of the corporation, or as individuals.

The sufficiency of the complaint is challenged in three respects: (1) That the contract by which the good will of the steam laundry was sold to plaintiffs is void for the reason that it is unlimited as to time; (2) that the contract bound defendants only as copartners, and not as individuals; and (3) that the contract is void for want of a sufficient consideration to support it. The objections are not well taken.

1. The rules of law applicable to the sale of the good will of business establishments have in recent years undergone material change. Formerly it was generally regarded as essential to the validity of such contracts that they be limited both as to time and place. Long v. Towl, 42 Mo. 545, 97 Am. Dec. 355; Mandeville v. Harman, 42 N. J. Eq. 185, 7 Atl. 37; 24 Am. & Eng. Enc. (2d Ed.) 848, and cases cited. And numerous expressions in the adjudicated cases still give out the impression that contracts not so limited are void and unenforceable. Kronschnabel-Smith Co. v. Kronschnabel, 87 Minn. 230, 91 N. W. 892; Espenson v. Koepke, 93 Minn. 278, 101 N. W. 168; National Benefit Co. v. Union Hospital Co., 45 Minn. 272, 47 N. W. 806, 11 L. R. A. 437. The settled modern law, however, is, both in England and in this country, that limitation as to both time and place is unnecessary, if the agreement in other respects be reasonable, and not in conflict with public policy or the general welfare. 9 Cyc. 529. The validity of such contracts often depends upon the nature and character of the business, and whether the restraints afford the grantee reasonable protection or impose restrictions either as to time or place which are unreasonable. Maxim v. Nordenfelt, 62 L. J. Ch. 273; Leather v. Lorsont, 39 L. J. Ch. 86; McCurry v. Gibson, 108 Ala. 451, 18 South. 806, 54 Am. St. 177; Diamond v. Roeber, 106 N. Y. 473, 13 N. E. 419, 60 Am. 464. But in cases involving ordinary business establishments or occupations the failure to prescribe a time limitation does not invalidate the contract. The rule, broadly stated, seems to be that no contract of this kind is void as being in restraint of trade where it operates simply to prevent a party from engaging or competing in the same business. Leslie v. Lorillard, 110 N. Y. 519, 18 N. E. 363, 1 L. R. A. 456. Though there are authorities which hold that no limitation of time renders the contract invalid (Mandeville v. Harman, 42 N. J. Eq. 185, 7 Atl. 37; Carroll v. Giles, 30 S. C. 412, 9 S. E. 422, 4 L. R. A. 154), the great preponderance of authority sustains the converse of the proposition where there is a proper limitation as to place (Pemberton v. Vaughan, 10 Q. B. 87; Cook v. Johnson, 47 Conn. 175, 36 Am. 64; Swanson v. Kirby, 98 Ga. 586, 26 S. E. 71; O'Neal v. Hines, 145 Ind. 32, 43 N. E. 946; Smith v. Brown, 164 Mass. 584, 42 N. E. 101; Up River v. Denler, 114 Mich. 296, 72 N. W. 157, 68 Am. St. 480; Webster v. Buss, 61 N. H. 40,

60 Am. 317; French v. Parker, 16 R. I. 219, 14 Atl. 870, 27 Am. St 733; Kramer v. Old, 119 N. C. 1, 25 S. E. 813, 34 L. R. A. 389, 56 Am. St. 650; Cottington v. Swan, 128 Wis. 321, 107 N. W. 336).

2. There is no special force in defendants' second contention that the contract bound them only as copartners. It is thoroughly settled that the good will of business concerns is, though intangible, a species of property transferable from hand to hand as other property. Bradford v. Montgomery, 115 Tenn. 610, 92 S. W. 1104, 9 L. R. A. (N. S.) 979; Williams v. Wilson, 4 Sandf. Ch. (N. Y.) 379; Hitchcock v. Coker, 6 Adol. & E. 438. And, if sold by a copartnership, the transfer necessarily vests the entire beneficial interest in the purchaser, to the exclusion of any right of the individual members of the selling firm. It stands, so far as bargain and sale is concerned, as other partnership property; and, as an ordinary sale of an article owned by the firm binds all the members thereof, the sale of the good will has the same effect. It would be a far-fetched doctrine that would enable one of the partners to set up his individual claim to property sold by the firm in the usual course of business on the theory that the sale only affected his rights as a copartner. Hubbard v. Miller, 27 Mich. 15, 15 Am. 153. And to construe the contract in harmony with defendants' contention would expressly destroy the purpose intended by the transaction, viz., the prevention of defendants, either as partners or individuals, from competing in the laundry business in Northfield. And, though contracts of this kind are generally strictly construed, the rule is not so severe as to justify a conclusion at variance with the plain purpose and intention of the parties. Any other conclusion would not only enable the individual partner to reclaim partnership property sold for value during the existence of the firm, but justify the commission by him of a palpable fraud by doing indirectly that which he could not do as a member of the firm. Eisel v. Hayes, 141 Ind. 41, 40 N. E. 119.

3. The contract is shown to have the support of a valuable consideration in the purchase price of the property with the good will as an incident. Eisel v. Hayes, supra. The complaint also sufficiently alleges a violation of the contract. It charges that defendants have been instrumental in the organization of a corporation for the pur-

pose of conducting a laundry business in Northfield and that they are managing its affairs. This is a clear violation of the contract. Eisel v. Hayes, supra.

Order affirmed.