## W. S. HOLLISTON v. FRED ERNSTON and Another.[1]

December 12, 1913.

Nos. 18,389—(112).

**Restraint of trade.**

1. A covenant in a bill of sale of a bus and baggage transfer business, not to engage in the same business in a certain city, *held* not unlawful as an unreasonable restraint of trade.

**Enforcing covenant by injunction.**

2. Such covenants are enforceable by injunctions, which should be freely granted.

**Party to action.**

3. Plaintiff, being a party to the contract, had the right to maintain the suit, though he made the purchase for an undisclosed principal, and had no interest in the transaction except under a contract with his principal to employ him if he made the purchase.

**Rulings on testimony.**

4. There were no reversible errors in rulings on testimony.

**Covenant construed.**

5. A covenant "not to start a bus line in Granite Falls, or drive a bus in Granite Falls," *held*, in view of the whole transaction in connection with which it was made, to amount to an agreement by the covenantees not to engage in the business so as to bring their names and influence to the aid of any competitor.

[1] Reported in 144 N. W. 415.

Note.—On the question of the validity of an agreement in restraint of trade or profession as affected by its territorial scope, see note in 24 L.R.A.(N.S.) 913.

124 M.—4.

After the dismissal of the former appeal, reported in 120 Minn. 507, 139 N. W. 805, plaintiff's motion to amend the complaint and findings was granted and his motion to amend the order for judgment was denied, Qvale, J. From the judgment entered pursuant to the order for judgment, plaintiff and defendants appealed. Affirmed on defendants' appeal. Reversed on plaintiff's appeal.

*Daly & Barnard* and *Bert O. Loe*, for plaintiff.

*Davis & Michel, Paul D. Stratton* and *John I. Davis,* for defendants.

PHILIP E. BROWN, J.

Action for specific performance, by injunction, of a contract not to engage in business. The cause was tried to the court, findings made, and judgment ordered for plaintiff for partial relief. An appeal therefrom was dismissed for want of jurisdiction. Subsequently the complaint and findings were amended on plaintiff's motion, judgment was entered awarding him no greater relief, and both parties appealed.

The trial court found in substance: For years prior to June 14, 1911, defendants were engaged, for others, in operating omnibus and baggage transfer lines in Granite Falls, and thus acquired acquaintance and confidence of travelers. On the date stated they purchased an omnibus and baggage transfer line, and operated it in the city for about three months thereafter, when, on August 21, 1911, having established a paying business, they sold their equipment to plaintiff, and executed to him a bill of sale in the usual form, but containing this provision: "Also the two Ernston Brothers, Fred and Jule, agree not to start a bus line in Granite Falls, or drive a bus in Granite Falls, as a part of the consideration of this bill of sale;" this contract, however, being found by the court not to constitute a sale of the "good will" of the business. Plaintiff, furthermore, was not the true purchaser of the property, but acted in behalf of Peterson Brothers, competitors of defendants in the bus and baggage transfer business, who furnished the consideration and to whom the property was forthwith delivered by plaintiff. Prior to plaintiff's purchase, these parties agreed to employ him at a stated sum per month as a bus driver, if he effectuated the purchase in his

name, such employment to continue while the contract was in force; and this agreement was concealed from defendants, who were unaware thereof and likewise ignorant of the connection of the Petersons with the purchase. Plaintiff immediately entered into such employment and has continued therein, his further retention of his position, however, being dependent upon the validity and enforcement of the restrictive covenant above referred to. Peterson Brothers have, since the sale, operated the line purchased in connection with one previously owned by them. After the sale, defendants' mother acquired omnibuses and a wagon, and has since been engaged in operating a bus and baggage line, with defendants as managers, and they have been driving the vehicles, meeting trains, and soliciting customers in competition with Peterson Brothers, and have acquired patronage which otherwise would have been bestowed upon the latter, but have not in any other way started "a bus line in Granite Falls."

Upon these findings, which, being unchallenged, must be taken as conclusive so far as they find the facts, the court ordered judgment enjoining defendants from driving a bus in Granite Falls, so long as plaintiff continues in his present employment.

1. Defendants contend that the covenant involved is in unlawful restraint of trade. We hold otherwise. In harmony with modern authority, this court, long ago, adopted the doctrine of reasonableness of restraint as controlling, when neither monopolistic nor within the inhibition of antitrust laws. Arbitrary rules theretofore applied in some jurisdictions were discarded, and the modern doctrine has since been consistently followed and must be considered established. National Benefit Co. v. Union Hospital Co. 45 Minn. 272, 47 N. W. 806, 11 L.R.A. 437; Kronschnabel-Smith Co. v. Kronschnabel, 87 Minn. 230, 91 N. W. 892; State v. Duluth Board of Trade, 107 Minn. 506, 526, 121 N. W. 395, 23 L.R.A.(N.S.) 1260. See also 9 Cyc. 529. Neither does the fact that the provision is unlimited in time render it nugatory (High, Injunctions [4th ed.] § 1168a), and it remains in force during the life of the covenantors. See note to 92 Am. Dec. 754; Kramer v. Old, 119 N. C. 1, 25 S. E. 813, 34 L.R.A. 389, 56 Am. St. 650. We are unable to see the materiality,

so far as the validity of the contract is concerned, of the fact that the Petersons were the real purchasers and concealed their interest by dealing through their agent. The questions, if any, arising in this regard are practically unargued, and consequently have not been seriously considered.

2. Defendants contend that as plaintiff had no ownership of the property and was not conducting any business therewith, he suffered no damage from the breach, if any, of the covenant, and that his interest in his contract of employment was insufficient to permit him to maintain this action or to obtain equitable relief. It would seem that defendants should not be greatly concerned in these matters; for having received a consideration for the contract the important question is its breach, and it is clear that plaintiff has an interest therein. If he had the right to maintain this suit, there can be no doubt that injunction is the proper remedy. Violation of a negative covenant. such as this is deemed a sufficient ground for interference, and injunctions are freely granted almost as a matter of course in such and analogous cases. In World's Columbian Exposition v. United States, 56 Fed. 654, 667, 6 C. C. A. 58, 72, Chief Justice Fuller, said:

"It is true that undertakings upon sufficient consideration not to do a given thing may, on occasion, be enforced by restraint of their violation; and where the covenant is express the element of ascertainable pecuniary damage or injury to the covenantee is not regarded as of essential importance."

So also, in Andrews v. Kingsbury, 212 Ill. 97, 101, 72 N. E. 11, 13, it was said, with reference to a suit to restrain a defendant from engaging in the newspaper business in violation of a contract to refrain from so doing:

"The general rule that a writ of injunction should only issue where there is an unquestionable right and where irreparable injury will be suffered, and there is no adequate remedy at law either on account of the insolvency of the defendant or for some other cause, is not applicable to this case. Courts of equity will, and frequently do, interpose by injunction, thereby indirectly enforcing the performance of negative covenants by prohibiting their breach; and where there is

an express negative covenant, courts of equity will entertain bills for injunctions to prevent their violation, even though the same will occasion no substantial injury or though the remedy be adequate at law."

See also High, Injunctions (4th ed.) §§ 1142, 1168; Bispham, Equity, § 461; 3 Pomeroy, Eq. Jur. (2d ed.) § 1344. It should be noted that we are not considering a case where one not a party to a contract claims to be interested therein and seeks an incidental benefit therefrom; for plaintiff was in terms the purchaser, and had the right to maintain this action both under G. S. 1913, § 7676, and generally. 1 Dunnell, Minn. Dig. § 1895; Pomeroy, Rem. & Rem. Rights, § 175, et seq.; 31 Cyc. 1623; Mechem, Agency, § 755. We quote from the authority last cited:

"It is, therefore, a general rule that where a contract, whether written or unwritten, is, in terms, made with the agent personally, he may sue upon it. This rule is unquestioned where the fact of the agency and the name of his principal are both concealed by the agent."

3. We find no reversible error in rulings on testimony. In so far as objections go to insufficiency of the complaint, they were cured by its amendment, the propriety whereof is unchallenged by any assignment of error.

4. Covenants like the one under consideration will not be extended by construction beyond the fair and natural import of the language used. Nelson v. Johnson, 38 Minn. 255, 36 N. W. 868. However, they must be reasonably interpreted so as to effectuate the intentions of the parties; and when such is found, evasions cannot be permitted to defeat them. The gist of the covenant in suit was that defendants would not engage in business so as to bring their names and influence to the aid of any competitor carrying on the same line of business within the prohibited territory. This was a valuable right, and must be presumed to have entered into the consideration of the bill of sale. Plaintiff thereby purchased their right to compete in their own persons in the business specified; and, defendants having violated the agreement, the relief awarded should be commensurate. While the court found no sale of "good will," yet it ap-

pears that all of defendant's property connected with the business was transferred to the purchaser, and the finding is based wholly upon the transaction and terms of the bill of sale. The relief granted virtually deprived plaintiff and Peterson Brothers of the benefit of the contract, and would permit defendants to retain what they sold. The order is too narrow.

Judgment affirmed on defendants' appeal, but reversed on plaintiff's with directions to award plaintiff a permanent injunction as prayed in the complaint.