## WILLIAM M. WILLIAMS v. L. E. THOMSON.

October 17, 1919.

No. 21,451.

**Contract in restraint of trade — breach — evidence.**

> In an action to recover damages for breach of a contract which the parties had entered into, and to restrain the defendant from engaging in the garage business within Blue Earth county for the period of 10 years, *held*, that the contract was not void as being in restraint of trade.

Action in the district court for Blue Earth county to recover $2,000 for breach of contract. The facts are stated in the opinion. The case was tried before Comstock, J., who when defendant rested granted his motion for a directed verdict. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed.

*C. J. Laurisch* and *Carl Strom,* for appellant.

*George W. Champlin and C. E. Phillips,* for respondent.

QUINN, J.

Action to recover damages for breach of contract and to restrain defendant from engaging in the garage business in the city of Lake Crystal. The court directed a verdict in favor of defendant. Plaintiff moved for a new trial. The motion was denied and this is an appeal from the order.

During the spring of 1915, plaintiff and defendant entered into a contract in writing, whereby defendant sold to plaintiff his garage and automobile business and all machinery, tools and stock in connection therewith, in the Whiting building in the city of Lake Crystal, Blue Earth county, together with the good will and benefits of said business. The contract contained the further provision: "Party of first part[2] agrees not to directly or indirectly engage in the automobile or garage business in said county of Blue Earth all for the period of ten years without the written consent of the party of the second part, except that after the period of two years first party may locate at Mankato, Minn., if he so desires. Party of the second part gives party of first part

[1]Reported in 174 N. W. 307.       [2][Defendant in this action.]

privilege of selling automobiles only, and it is mutually agreed that party of first part is to do no repairing or garage work on any car or automobile he may sell."

The answer, so far as here material, admits the making of the contract and that for a short time during the period in question defendant was engaged as a mechanic in the garage of one Harris in the city of Lake Crystal. Upon the trial defendant was called for cross-examination, and testified, in effect, that he was an experienced automobile mechanic, and that he had been engaged in the automobile business prior to the date of the contract here in question for seven or eight years, running a repair shop and automobile business at Lake Crystal. The plaintiff then offered in evidence the contract in question, which was objected to as incompetent, irrelevant and immaterial and as being void on its face under the laws of this state. The objection was sustained. Plaintiff then offered to show that at the time in question the defendant was in the employ of one Harris in an automobile garage within the city of Lake Crystal as foreman thereof, in violation of the terms of the contract. The same was objected to as incompetent and irrelevant and the objection was sustained.

Blue Earth county contains practically 21 congressional townships, being about four townships north and south by five east and west. The city of Lake Crystal is situated about seven miles east of the west line and about the same distance south of the north line of the county. There are some 11 or 12 villages and cities in the county where garages or automobile shops are likely to be maintained, which fact may be considered in determining the validity of the contract in question.

It is quite clear from the record that the trial court considered the contract void as being in restraint of trade, and upon that ground sustained the objections. It has been repeatedly held in this state "that there is no hard and fast rule as to what contracts are void as being in restraint of trade, but each case must be judged according to its own facts and circumstances; that a party may legally purchase the business and trade of another for the very purpose of removing or preventing competition, coupled with an undertaking on the part of the seller not to carry on the same business in the same place or within the same territory; and the question of the reasonableness of the restraint of trade de-

pends upon whether it is such only as to afford a fair protection to the party in whose favor it is made; and the limits of restraint as to space depend upon the kind of trade or business which is the subject or the contract." National Benefit Co. v. Union Hospital Co. 45 Minn. 272, 47 N. W. 806, 11 L. R. A. 437; Kronschnabel-Smith Co. v. Kronschnabel, 87 Minn. 230, 91 N. W. 892; Berghuis v. Schultz, 119 Minn. 87, 137 N. W. 201.

We see no legal objection to the contract. Its effect was a sale by defendant of his garage business and good will, with a stipulation on his part to refrain from engaging either directly or indirectly in the business within the county for the period of ten years, except that he retained the right to sell automobiles and to locate, in the garage business, at Mankato after two years. It will be seen that the restriction is limited both as to time and territory. It does not prevent the defendant from pursuing such business at any place except within the county. The defendant was a skilled automobile mechanic, he had conducted a garage and automobile repair business at Lake Crystal for seven or eight years, and had entered into a contract with plaintiff whereby he covenanted not to engage in such business within the county during the time stated. The plaintiff had paid him a sum greatly in excess, it is claimed, of the value of the tools, machinery and stock transferred. The present facility for traveling from one portion of a county to another naturally enlarges the territory from which a business such as the one in question might draw trade. Nor are we able to say that the defendant's engaging in the business, especially within the village of Lake Crystal, which he had contracted not to do, might not materially interfere with plaintiff's work.

The test is: "Where the restraint contracted for appears to have been for a just and honest purpose, for the protection of the legitimate interests of the party in whose favor it is imposed, reasonable as between the parties, and not specially injurious to the public, the restraint is reasonable and valid." 22 Am. Law Rev. 887; Mandeville v. Harman, 42 N. J. Eq. 185, 7 Atl. 37; Western Union Tel. Co. v. Burlington & S. W. Ry. Co. 11 Fed. 1; Central Shade Roller Co. v. Cushman, 143 Mass. 353, 9 N. E. 629; Diamond Match Co. v. Roeber, 106 N. Y. 473, 13 N. E.

419, 60 Am. Rep. 464; Kronschnabel-Smith Co. v. Kronschnabel, supra. The order appealed from is reversed and new trial granted.