PEOPLES CLEANING & DYEING COMPANY, INC. v.
MORRIS W. SHARE AND OTHERS.[1]

October 15, 1926.

No. 25,521.

Sale of stock coupled with seller's agreement not to compete with the corporation.

1. The rules governing contracts in partial restraint of trade are applicable to the sale by a stockholder of his shares of stock to a corporation coupled with an agreement not to compete with the corporation.

Restraint of employe for six years against engaging in same city in employer's business not unreasonable.

2. Such a contract by a stockholder, who had been employed by the corporation in a particular district in Minneapolis to collect and deliver clothing to be cleaned or dyed, whereby the stockholder agreed not to compete with the corporation in the business of cleaning and dyeing within the city of Minneapolis for a period of six years, does not impose an unreasonable or oppressive restraint upon the stockholder's right to follow his former occupation.

Sufficient consideration for agreement not to compete.

3. The sale of the stock and the execution of the contract were contemporaneous and parts of one transaction and the price paid for the stock was a sufficient consideration for the contract not to compete with the corporation.

[1] Reported in 210 N. W. 397.

Contracts 13 C. J. p. 322 n. 66; p. 473 n. 66, 73; p. 475 n. 80.

See notes in 9 A. L. R. 1456; 20 A. L. R. 861; 29 A. L. R. 1331; 6 R. C. L. 805, 2 R. C. L. Supp. 208; 5 R. C. L. Supp. 370.

Action in the district court for Hennepin county to enjoin defendants from engaging in the cleaning and dyeing business. The case was tried before Guilford, J., who ordered judgment in favor of plaintiff. Defendants appealed from the judgment. Affirmed.

*Sam J. Levy*, for appellants.

*Leonard, Street & Deinard*, for respondent.

LEES, C.

The appellant Share was a stockholder, director and employe of the respondent corporation. At a stockholders' meeting in January, 1923, he failed of re-election as a director and shortly thereafter was notified that his employment would terminate at the end of the month. He owned 54 shares of stock in the corporation and wished to sell it. In 1920 all the stockholders executed a contract which provided that if any one of them wished to sell his stock, he should give the other stockholders an opportunity to purchase it before offering it to an outsider. Share notified the president of the corporation that he wished to sell his stock, and was referred to Allen M. Gross, another stockholder, with whom the negotiations for the sale were had. The purchase price agreed upon was $8,000, payable in part in cash and in part by the execution of promissory notes of the corporation. As part of the transaction, Share entered into a written contract with the corporation dated February 1, 1923, agreeing that for the period of six years he would not engage in the cleaning or dyeing business in Minneapolis, either individually, as a copartner, or as a stockholder in a corporation, and that he would not serve as an employe in any such business during the period mentioned. One of the notes Share received from the respondent provided that payment thereof was conditional upon Share's refraining from engaging in the cleaning and dyeing business in Minneapolis until the due date of the note, which was February 1, 1926.

After Share sold his stock he engaged in the cleaning and dyeing business in St. Paul, taking the defendant Moses into partnership with him. Immediately after the last mentioned note fell due and was paid, Share and Moses leased a place of business in Minneapolis, fitted it up preparatory to engaging in the cleaning and dyeing business and sent out a large number of circulars to respondent's customers soliciting their patronage. For some years prior to February 1, 1923, Share had a district in Minneapolis where he solicited business and delivered goods for respondent. This action was brought to enjoin the appellants from engaging in the cleaning and dyeing business in Minneapolis during the unexpired term of the contract of February 1, 1923. The trial court made findings in respondent's favor and this appeal was taken from the judgment entered thereon.

The law applicable to contracts in restraint of trade has received the attention of this court in numerous cases. In one respect this case differs from most of those heretofore considered in that it involves a sale of stock in a corporation which continued the business in which the seller agreed that he would not re-engage. In 3 Williston, Contracts, p. 2888, it is said:

"In certain corporations the value of the business is largely dependent on the good will of one or more officers or stockholders, and just as the corporation might on sale of its business contract to refrain from competition, so officers or stockholders either on selling their stock, or on the corporation selling its business, may make effectively a reasonable restrictive agreement not to compete with the corporation or with a purchaser of its business."

Kronschnabel-Smith Co. v. Kronschnabel, 87 Minn. 230, 91 N. W. 892, is among the cases cited in support of the text. That case holds that, when a corporation purchases the shares of one of its stockholders who has been actively engaged in the business conducted by the corporation, it is proper to obtain from the stockholder a contract such as we have here.

We think the rules of law governing contracts in partial restraint of trade are applicable.

We also think that the contract is not open to attack on the ground that it imposes an unreasonable or oppressive restraint upon Share's right to follow the occupation for which he is fitted by training and experience. In The Menter Co. v. Brock, 147 Minn. 407, 411, 180 N. W. 553, 20 A. L. R. 857, the court referred with approval to cases holding that an employer may restrain a former employe, such as a driver of a milk wagon or laundry wagon, from soliciting the patronage of the employer's customers on a route or in a district formerly covered by the employe. Drivers of vehicles sent out to pick up and deliver clothing to be cleaned are in the same class and should be subject to the same rule. Granger v. Craven, 159 Minn. 296, 199 N. W. 10, further defines the rule which we think applicable to the present case.

The law of contracts in restraint of trade is expounded in National Ben. Co. v. Union H. Co. 45 Minn. 272, 47 N. W. 806, 11 L. R. A. 437; Southworth v. Davison, 106 Minn. 119, 118 N. W. 363, 19 L. R. A. (N. S.) 769, 16 Ann. Cas. 253; Holliston v. Ernston, 124 Minn. 49, 144 N. W. 415; Williams v. Thomson, 143 Minn. 454, 174 N. W. 307, and there is no occasion to restate it here. We hold that the contract now under consideration is not unreasonable or oppressive.

The contract is attacked on the ground that it is not supported by a consideration. The court found that there was a sufficient consideration, and we think the finding is supported by the evidence. As we understand it, the contention of the appellants amounts to this: The evidence shows that Share's stock was worth $8,000 when he sold it. No separate or independent consideration was given for his covenant to refrain from competing with respondent. The contract is worded in the past tense, speaking of the sale of the stock as having already taken place. If this were all, there would be much force in appellants' contention. But there was evidence tending to show that the sale of the stock and the execution of the contract were contemporaneous and parts of one and the same transaction, and the trial court found that such was the fact. In view of the evidence and the finding, it must be held that Share

received the money and notes in consideration of his agreement to refrain from competing with respondent as well as in payment of the purchase price of the stock. The corporation was under no obligation to buy the stock. Neither was Share bound to sell it. The corporation saw fit to require him to execute the contract as one of the conditions of the purchase of the stock. The facts fairly warrant the inference that, unless the contract had been executed, the corporation would not have made the purchase.

It is argued that Share sold his stock pursuant to the contract the stockholders made in 1920; that, although it was not sold to the other stockholders but to the corporation, the result is the same because the corporation holds the stock in the treasury, thereby increasing the several interests of the remaining stockholders. This fact does not change the effect of the transaction between Share and the corporation or deprive the contract of a sufficient consideration. The evidence fell short of demonstrating that the contract to which the stockholders were parties cut any figure in the sale and the court might properly ignore its existence.

Other matters referred to in the briefs do not affect the conclusions we have reached. The judgment is affirmed.