# R. N. ANDREWS AND OTHERS v. JAMES A. COSGRIFF.[1]

October 26, 1928.

No. 27,000.

**Contract valid.**
1. A contract, whereby a physician and surgeon for a sufficient consideration agrees not to practice his profession within a comparatively small municipality or within a radius of 25 miles therefrom for a period of five years, *held* valid.

**Ruling on evidence.**
2. Ruling on admission of evidence sustained.

**Findings sustained.**
3. Findings of the court that there was no fraudulent representation or fraud *held* sustained by the evidence.

**Findings sustained.**
4. Findings of the court that defendant made the contract of employment with full knowledge of all changes made in plaintiffs' copartnership articles *held* sustained by the evidence.

Contracts, 13 C. J. § 417 p. 473 n. 66; § 979 p. 778 n. 19.
Injunctions, 32 C. J. § 580 p. 349 n. 41.

Action in the district court for Blue Earth county by nine members of the medical profession doing business as Mankato Clinic to enjoin defendant, a licensed physician, from practicing his profession in the city of Mankato or within a radius of 25 miles therefrom for a period of five years from the termination of a contract of employment with plaintiffs. There were findings for plaintiffs, and defendant appealed from an order, Harry A. Johnson, J. denying his motion for a new trial. Affirmed.

*John E. Regan* and *B. D. Grogan,* for appellant.
*Pfau & Pfau* and *Somsen, Dempsey & Flor,* for respondents.

[1]Reported in 221 N. W. 642.

OLSEN, C.

Plaintiffs, members of the medical profession, are associated together as partners and practice their profession at Mankota under the name of Mankato Clinic. Defendant is a licensed physician and surgeon and, prior to his employment by plaintiffs, was practicing his profession at Lamberton. In April, 1924, defendant entered into a written contract whereby he was employed by plaintiffs in their clinic to practice medicine and surgery on a stated salary for a term of one year from and after July 1, 1924. He entered upon and completed his term of service under this contract. The contract contained the provision that at the expiration or termination thereof defendant agreed not to practice medicine or surgery in the city of Mankato or within a radius of 25 miles therefrom for a period of five years.

Under date of October 1, 1925, defendant entered into a new contract with plaintiffs for an additional one-year term of employment from and after that date. This contract differs in some respects from the first in that it gives defendant the right to purchase what is designated as a half share interest in the partnership, Mankato Clinic, at the termination of the period of employment, provided he shall then have fully performed the contract on his part. The contract provides how the purchase price of the half share shall be determined. Defendant's salary is somewhat increased over what it was in the first contract. The second contract, like the first, provides that the defendant shall not practice medicine or surgery in the city of Mankato or within a radius of 25 miles therefrom for a period of five years from the expiration or termination thereof.

Defendant entered upon his employment under the second contract, but quit and terminated his employment on or about July 18, 1926, and went to Oklahoma to investigate some opening for practice there. He returned to Mankato in about two months and opened an office for the practice of medicine and surgery, and continued to practice there up to the time this action was tried. The action was brought to enjoin defendant from practicing in Mankato

or within a radius of 25 miles therefrom for the period of five years from and after July 18, 1926. The court after trial made findings of fact and conclusions of law in plaintiffs' favor. Defendant moved for a new trial, and appeals from an order denying such motion.

The defenses presented were, first, that fraudulent representations were made by plaintiffs which induced defendant to enter into the contracts of employment; second, that without his knowledge plaintiffs made changes in the partnership articles of the Mankato Clinic which imposed such conditions that he could not take advantage of his right to purchase a share in the partnership, and that such changes were made after he made his second contract of employment. He further pleads the fraud and alleged damages as a counterclaim.

1. The validity of the clause in the contracts of employment, whereby defendant agreed not to engage in the practice of medicine or surgery in the city of Mankato or within a radius of 25 miles therefrom for a period of five years, is not seriously questioned. Recent cases affirm the validity of such a provision. Granger v. Craven, 159 Minn. 296, 199 N. W. 10, 52 A. L. R. 1356; Peoples C. & D. Co. Inc. v. Share, 168 Minn. 474, 210 N. W. 397. Unless therefore the defendant has established one or more defenses to the second employment contract, or a counterclaim which entitles him to relief, the plaintiffs would seem entitled to the relief granted.

2. Defendant assigns as error the admission in evidence of exhibit A, the first employment contract. This contract is pleaded in the complaint. The making of the contract is admitted in the answer, and defendant alleges that it was obtained by fraudulent representations. There is a suggestion that defendant was not permitted to introduce evidence as to representations made to him prior to the execution of this contract, but there is no assignment of error as to any ruling in that regard. There was no error in admitting exhibit A in evidence.

3. The court found that no false or fraudulent representations were made by plaintiffs or any of them to induce defendant to execute or enter into either of the contracts of employment in question;

that neither contract was obtained by any fraud. Our considera-
tion of the record and evidence leads to the conclusion that these
findings are sustained by sufficient evidence. A recital of the evi-
dence on that issue is not deemed necessary.

4. It appears that on January 20, 1925, plaintiffs modified and
amended their copartnership articles, under which they were doing
business as the Mankato Clinic, by adding thereto an agreement
to the effect that in case of the termination of the membership of
any partner therein for any reason the member so retiring would
not engage in the practice of medicine or surgery in the city of
Mankato or within a radius of 25 miles therefrom for a period of
eight years from and after the date of his admission to membership
in the clinic. On October 28, 1925, an additional amendment was
made to the copartnership articles, to the effect that no member
should withdraw from the partnership without the approval of at
least three-quarters in interest of the members, and that if any
member should withdraw without such consent within ten years
from that date, he should forfeit his interest in the clinic and all
its assets.

Defendant claims that these changes in the partnership articles
were made without his knowledge and were concealed from him;
that these restrictions made it impracticable and impossible for
him to buy a share and become a member of the partnership, and
operated as a breach of his second employment contract, which
gave him a right to buy a share in and become a member of the
partnership; in other words, that the partnership contract as it
existed on October 1, 1925, at the date of his second contract of
employment, could not thereafter be changed by adding further
restrictions thereto without his consent; that his right to buy into
the partnership on the expiration of his employment contract,
October 1, 1926, was breached by plaintiffs by making such change
in the partnership articles, and that thereby he was released from
the obligations in his employment contract.

The question of the effect of this change in the partnership
articles, if it had been made after defendant executed his second

contract of employment and without his knowledge or consent, we believe is not necessary to consider. The second employment contract, while dated October 1, 1925, does not appear to have been executed by defendant until about November 1, after the change in the partnership articles. The court so finds, and further finds that the second employment contract was entered into by defendant after extended negotiations as to the terms thereof and after defendant was fully informed and advised of all the doings of the partnership and its business, and with full notice and knowledge of each and all amendments and alterations made in the terms of the original partnership articles, including this particular change. While challenged as not sustained by the evidence, we find the evidence sufficient to sustain these findings, and no sufficient reason shown for disturbing them.

The evidence to show irreparable damage is sufficient. Other findings of fact are challenged as not sustained by the evidence and the conclusions of law as not justified.

We find the decisive and material findings of fact, as already noted, sufficiently sustained by the evidence and the conclusions of law well supported by the facts so found; and the order appealed from must therefore be affirmed.