The complainant has a laundry business in Trenton. The defendant was employed as one of its route men, to collect and deliver laundry and solicit trade, and, upon taking employment, covenanted that should he resign or be dismissed he would "not engage himself in the laundry business either directly or indirectly or as employe or owner in the city of Trenton for a period of eighteen months thereafter." He quit February 4th, 1933, and since has taken employment with a rival concern, traveling the route, or some part of it, which he served while in the employ of the complainant, and has diverted some of his former trade to his present employer.
It was mooted at the hearing, that the covenant was broader than necessary for the protection of the complainant's business and that if an injunction should go, it should be limited to restraining the defendant from canvassing the customers he served while in complainant's employ. The answer is: *Page 27 
The employer is not only to be protected against pirating his customers, but he is entitled, as well, to a restraint against the employe from engaging in the field of the employer's activities in competition with the employer; from soliciting trade that otherwise might deal with the employer. The employe's faithful service to former customers might lead them away, or, influenced by his courtesy, affability or what not, others may be persuaded to follow him into his new employment. To thus deprive the employer of a single customer would be an injury; small in damage, it is true, but nevertheless an injury forbidden by the covenant. Owl Laundry Co. v. Banks, 83 N.J. Eq. 230.
It is not necessary to show actual damage by instances of successful competition; it is sufficient if such competition, in violation of the covenant, may result in injury. The inability to prove actual damage is one of the grounds upon which equity intervenes. The covenant is lawful as to area and time, and the defendant should be held to a compliance.
Let an injunction issue in the language of the covenant. *Page 28