## BOWSER and Another *v.* BLISS and Others.

A contract in restraint of the right of making, selling, and trading fanning-mills south of the *Wabash* river, within thirty miles of *Marion*, in *Grant* county, is not objectionable on account of the extent of space to which it extends, nor because the restriction is indefinite in point of time.

Suit on a note for the payment of money, given for the right to make and sell fanning-mills within certain limits. It appeared by the note and an article of agreement, that the note was to be paid, provided the payee did not make or sell, within the prescribed limits, more than four such mills. *Held*, that, on the question whether the plaintiff had made or sold as aforesaid more than four such mills, the burthen of proof was on the defendant.

ERROR to the *Grant* Circuit Court.

BLACKFORD, J.—This was an action of debt brought by *Bliss* and others against *Bowser* and another. The suit was founded on the following sealed note: "One year after date, we or either of us promise to pay *Henry Bliss, Allison*, and *Ellis*, 150 dollars, value received; provided the firm of *Bliss, Allison,* and *Ellis*, do not make, or sell, or trade, any fanning-mills, within 30 miles of *Marion*, south of the *Wabash* river. 30 *July*, 1840.—*Jacob C. Bowser*, (SEAL.) *James Story*, (SEAL.") The declaration avers, that the plaintiffs have not at any time, since the making of said note, made, sold, or traded, any fanning-mills within 30 miles of *Marion*, south of the *Wabash* river, with the exception of four, the right to

sell which four was specially reserved to the plaintiffs by a certain article of agreement entered into by the plaintiffs and defendants on the same day with said note.

The article of agreement referred to in the declaration, and executed by the plaintiffs and defendants, is substantially as follows: "Article of agreement made and agreed upon this day between *Henry Bliss, James J. Allison,* and *John W. Ellis,* of the one part, and *Jacob C. Bowser* and *James Story* of the other part. The party of the first part bargain and sell their right of making, selling, and trading fanning-mills south of the *Wabash* river, within 30 miles of *Marion,* in *Grant* county. And whereas the party of the second part have given their obligation to the party of the first part for 150 dollars payable one year from this date, provided said party of the first part comply with the agreement after this date, with exception of four now on hand. If the party of the first part do make or sell any within the distance above mentioned, the obligation for 150 dollars shall be void and of no effect. The party of the first part hold themselves liable for 20 dollars for every fanning-mill they may sell or trade within the bounds above mentioned, to the party of the second part. Dated the 30th of *July,* 1840."

The defendants pleaded as follows: 1. *Nil debent.* 2. The plaintiffs did sell and trade divers fanning-mills within 30 miles of *Marion,* south of the *Wabash* river to divers persons. 3. The plaintiffs did sell five fanning-mills within 30 miles of *Marion,* south of the *Wabash* river. 4. There is no such article of agreement as mentioned in the declaration. General demurrer to the second plea, and the demurrer correctly sustained. Replication in denial of the third plea. The fourth plea, not being sworn to, was correctly set aside on motion of the plaintiffs.

On the trial of the issue on the third plea, the plaintiffs gave in evidence the writing obligatory, and the article of agreement, above described, and proved that they were partners. It also appeared that the defendants were partners. There was no other evidence.

The Court instructed the jury, that it lay on the defendants to prove, that the plaintiffs had sold more than four fanning-mills south of the *Wabash* river, within 30 miles of *Marion.* The defendants excepted to this instruction.

May Term,
1845.

Bowser
v.
Bliss.

Verdict for the plaintiffs.  Motion for a new trial over-ruled, and judgment on the verdict.

The first error assigned is, that the contract was illegal as being in restraint of trade.  But this objection is unfounded. There is this distinction on the subject: Where the contract is for the *general* restraint of any business, it is illegal; but it is otherwise, if the restraint be *partial* and reasonable.  *Mitchel* v. *Reynolds*, 1 P. Will. 181, the leading case on the subject. There must also be a valuable consideration for the contract; such a consideration as is necessary in other contracts. *Hitchcock* v. *Coker*, 6 Adol. & Ellis, 438.  In the case before us, the restriction, as it regards the space, is not unreasona-ble, considering the nature of the business and the newness of the country (1).  The circumstance that the restraint is indefinite in point of time, does not invalidate the contract. This objection—the want of limit as to time—has been re-cently very fully discussed in the *English* Courts.  In the King's Bench, the objection was sustained; but the decision was reversed in the Exchequer Chamber.  In the last-named Court, *Tindal*, C. J., said, that in many of the cases cited, the restriction had been held good, though it continued for the life of the party restrained.  On the other hand, no case had been referred to, where the contrary doctrine had been laid down.  He cited the cases of *Bunn* v. *Guy*, 4 East, 190, *Chesman* v. *Nainby*, 2 Strange, 739, and *Wickens* v. *Evans*, 3 Younge and Jervis, 318, to support the position, that the agreement was not void merely on the ground that the restriction was indefinite as to duration, the same being in other respects a reasonable restriction.  *Hitchcock* v. *Co-ker*, above cited.

It is also assigned for error, that the instruction to the jury is contrary to law.  It appears to us, that the instruction is unexceptionable.  The note and the article of agreement having been made at the same time, formed one contract; and the question, so far as the instruction is concerned, was, whether the plaintiffs had afterwards sold more than four mills within the space described in the agreement?  The affirmative of that question was with the defendants, and the burthen of proof, therefore, according to the general rule in such cases, was upon them.  *Ei incumbit probatio qui dicit,*

*non qui negat.* 1 Stark. Ev. 418. It was scarcely possible for the plaintiffs to prove the negative of the issue, viz., that they had not sold the mills which they were not to sell; but if they had sold them, the sale might be ascertained and proved by the defendants. The negative, when it involves a criminal omission by the party, must be proved; *Williams* v. *The East India Co.*, 3 East, 192; but that is an exception to the rule, and does not affect this case.

Taking the note and article of agreement together, the evident meaning of the contract is, that the plaintiffs were to have the money for which the note was given, unless they should sell more than four mills within the space specified. And there being no evidence that the plaintiffs had made· such sale, they must be entitled to recover.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. Brownlee*, for the plaintiffs.

*T. J. Sample*, for the defendants.

(1) Contracts for a total restraint of trade are absolutely bad; and contracts for a partial restraint, if nothing more appear, are presumed to be bad. But if the circumstances are set forth, that presumption may be excluded; and the Court are to judge of those circumstances, and determine whether the contract be valid or not. *Mitchel* v. *Reynolds*, cited in the text. *Mallan* v. *May*, 11 Mees. & Welbs. 653. A bond not to practise as a surgeon within ten miles from *Thetford* is valid. *Davis* v. *Mason*, 5 T. R. 118. So is a bond not to practise as a surgeon in *Aylesbury* or within twenty miles. *Hayward* v. *Young*, 2 Chitt. R. 407. In the case of an attorney, the limit of *London* and 150 miles from thence, was held reasonable. *Bunn* v. *Guy*, 4 East, 190. In *Proctor* v. *Sargent*, 2 Mann. & Gr. 20, the limit of five miles from *Northampton* Square, in the county of *Middlesex*, was held reasonable in the case of a milkman.

In *Millan* v. *May, supra*, the agreement, which was under seal, was, that the defendant should become assistant to the plaintiffs in their business of surgeon dentists for four years; that the plaintiffs should instruct him in the business of a surgeon dentist; and that after the expiration of the term, the defendant should not carry on that business in *London*, or in any of the towns or places in *England* or *Scotland* where the plaintiffs might have been practising before the expiration of the said service.

*Held*, that the covenant not to practise in *London* was valid; the limit of *London* not being too large for the profession in question.

*Held*, also, that whether the restriction was reasonable or unreasonable, was a question of law to be decided by the Court. *Davis* v. *Mason*, 5 T. R. 118.— *Horner* v. *Graves*, 7 Bingh. 735.—*Proctor* v. *Sargent*, 2 Mann. & Gr. 20.— *Chesman* v. *Nainby*, 2 Strange, 739.

*Semble*, that in considering the question of restriction, the populousness of particular districts ought not to be taken into consideration.

May Term,
1845.

*Held,* also, that the stipulation as to not practising in towns where the plaintiffs might have been practising during the service, was an unreasonable restriction, and therefore illegal and void; but that the stipulation as to not practising in *London* was not affected by the illegality of the other part. *Chesman* v. *Nainby, supra.*

*Held,* also, that every restraint of trade which is larger than is required for the necessary protection of the party with whom the contract is made, is unreasonable and void, as injurious to the interests of the public, on the ground of public policy. *Horner* v. *Graves, supra.*