Martin v. Murphy.

Filed Nov. 4, 1891.

---

No. 15,261.

## Martin v. Murphy.

Contract.—*Breach of.*— *Measure of Damages.*— *Injunction.*—Where the parties to a contract have agreed upon the damages which may be recovered for a breach thereof, the remedy is for the recovery of the sum thus fixed, and injunction will not lie. The sum fixed by the parties themselves in their contract will, in the absence of fraud, be deemed to be adequate, and the proper measure of damages by the court.

Same.—*Restraint of Trade.*—*Stipulated Penalty.*— *When Same Can be Recovered.*—Where a physician, upon selling out his business, agreed " to practice medicine no more " after a certain date in the town where he had been following his profession, and the contract further provided that a stipulated penalty should be paid if the agreement was broken, the penalty is recoverable in an action based upon the breach of the agreement. For construction of the peculiar phraseology of the contract, see opinion.

From the Washington Circuit Court.

*S. B. Voyles, J. H. Masterton* and *A. Elliott,* for appellant.
*J. A. Zaring* and *M. B. Hottel,* for appellee.

McBride, J.—The only errors assigned in this case are on the action of the circuit court in sustaining demurrers to each paragraph of the complaint.

The complaint is in two paragraphs. By the first paragraph the appellant seeks to have the appellee enjoined from practicing medicine in the town of Salem, and by the second to recover liquidated damages for alleged breach of contract not to practice medicine at that place.

The contract is in writing, and is made a part of each paragraph of the complaint. It is as follows:

"Salem, Washington county, Indiana.

"October 1, 1887.

"Articles of agreement entered into by Charles W. Murphy, of the first part, and Robert W. Martin, of the second part, as follows, viz: Whereas, Charles W. Murphy is now, and has been engaged in the practice of medicine in Salem, and vicinity, and connected with said practice said Murphy possesses office, consisting of certain office furniture, and necessary to carry on said practice, and together with a stock of medicines contained in said office. Said Charles W. Murphy hereby agrees, and acknowledges himself duly and firmly bound, in a bond of $300, to be duly forfeited and paid to said Robert W. Martin within one year from date of this bond. Now the conditions of this bond are as follows: That the said Charles W. Murphy shall this day deliver to the said R. W. Martin all of said office furniture which shall consist of the following articles.  *  *  *  * Said C. W. Murphy agrees to practice medicine no more in Salem after January 1, 1888, the practice and profits thereof to go to R. W. Martin, together with all of the drugs and medicines in said office; and C. W. Murphy further agrees to entering into a partnership under the firm name of Drs. Murphy and Martin; said partnership to continue till the first day of January, 1888, during which time the said C. W. M. agrees to use his best efforts to transfer his patronage in

said practice to said R. W. Martin, and the profits of said partnership and practice shall be divided as follows : Two books shall be kept, and the accounts made by each partner shall be kept separate, and each partner shall at the close of said partnership be entitled to the different amounts charged in his book.

" C. W. MURPHY."

This was not signed by Martin, but immediately following it is a second part of the contract, signed by Martin alone, agreeing to pay the sum of $175 absolutely, and $100 conditionally, as the consideration for the preceding agreement of Murphy, and specifying the terms of payment.

The contract is unique, and its construction can hardly afford a precedent for the construction of other contracts, as it is highly improbable that another like it, in all respects, will ever be executed.

The rulings of the circuit court, sustaining separate demurrers to each paragraph of the complaint, present very different questions.

The appellee argues that the contract, being in restraint of trade, is not sufficiently specific as to time, and is unreasonable.

2d. That the agreement shows upon its face that the time during which the appellee agreed not to practice medicine in Salem had expired before he resumed practice.

3d. That the contract shows no consideration for the agreement not to practice ; and,

4th. As to the first paragraph of complaint, seeking an injunction, the complainant had a specific remedy fixed by the contract, to which he is limited, and can not therefore have relief by injunction.

We think the position of the appellee with reference to the first paragraph is well taken.

Generally, one who shows the violation of a valid contract between him and another, binding the other not to pursue a given occupation, and shows that by such violation of con-

Martin *v.* Murphy.

tract he is injured, is entitled to an injunction restraining the offending party. This is upon the ground that from the nature of such a case, just and adequate damages can not be estimated for a breach of the covenant. *Baker* v. *Pottmeyer,* 75 Ind. 451 (460).

The parties to such a contract may, however, by its terms, agree upon stipulated damages which may be recovered for a breach of its conditions, instead of leaving that question open, uncertain and undetermined. When it appears that they have thus agreed upon the damages which may be recovered for a breach of the contract, the remedy is the recovery of the sum thus fixed. *Johnson* v. *Gwinn,* 100 Ind. 466 ; *Duffy* v. *Shockey,* 11 Ind. 70.

Where the party complaining has an adequate legal remedy, injunction will not lie. *Ploughe* v. *Boyer,* 38 Ind. 113 ; *Sims* v. *City of Frankfort,* 79 Ind. 446 ; *Hendricks* v. *Gilchrist,* 76 Ind. 369 ; *Ricketts* v. *Spraker,* 77 Ind. 371 ; *Caskey* v. *City of Greensburgh,* 78 Ind. 233.

The sum fixed by the parties themselves in their contract will, in the absence of fraud, be deemed to be adequate and the proper measure of damages by the courts. See *Dakin* v. *Williams,* 17 Wendell, 447.

The second paragraph of the complaint presents a very different question, and requires for its solution that we construe the contract and pass upon its validity.

The objection that it is not sufficiently specific as to time is not tenable. Murphy agrees " to practice medicine no more in. Salem after January 1st, 1888." This is an agreement that he will never again practice medicine in Salem, and covers all time thereafter. This, appellee says, however, is unreasonable, and is a greater restraint than is necessary for the protection of the party, and is for that reason void.

A contract for the general restraint of any business is illegal, but it is otherwise if the restraint is reasonable and partial. Whether in a given case the restraint is reasonable

is a question for the court.   *Bowser* v. *Bliss*, 7 Blackf. 344;
*Beard* v. *Dennis*, 6 Ind. 200.

A contract, reasonably limited as to the territory in which
the specific business is not to be carried on, is not rendered
invalid because the restriction as to time is indefinite or gen-
eral.   *Bowser* v. *Bliss, supra; Beard* v. *Dennis, supra; Al-
ger* v. *Thacher*, 19 Pick. 51;   *Smalley* v. *Greene*, 52 Iowa,
241.

The appellee insists that, by reason of the peculiar phrase-
ology of the contract, the time during which the appellee
was to refrain from practicing medicine must be limited to
one year from its date.   Or that, at all events, after that
time, no penalty could be recovered, and that, as the second
paragraph shows that the appellee did not return and re-
sume practice until more than a year and a half after the
date of the contract, there can be no recovery.

It is the duty of the court in the construction of the con-
tract to give effect, if possible, to all of its parts.

As we have heretofore said, it was in our opinion clearly
the intention of the parties that the appellee should never
again practice medicine in the town of Salem.

We think it equally clear that the parties intended to fix
the measure of damages which might be recovered by the
appellant for a violation of the contract.   The agreement
not to practice was evidently one of its material stipulations.
Every other duty imposed by the contract upon the appel-
lee was to be performed by January 1, 1888, and during the
intervening three months he was to practice medicine as a
*quasi* partner with the appellant.   The position of the ap-
pellee, therefore, is that while the parties used language
which is unequivocal, stipulating that the appellee would
never again practice medicine at that place, and also clearly
evinced their purpose to remove all doubt and uncertainty
as to the measure of damages if the contract should be broken,
they, after all, so limited the stipulation as to liquidated dam-
ages that it only actually covers nine months' time.   The

contract was evidently drawn by one unfamiliar with legal phraseology, and unaccustomed to the preparation of instruments of that character. We think that, construing together all the terms of the contract, in the light of the attendant circumstances, it was not the intention of the parties that there should be no penalty, and no recovery for a breach of the contract after the expiration of a year from its date, but that the undertaking should not mature, and there should be no recovery within that time. There are no negative words indicating that the parties intended there should be no recovery after that date; and while the question is by no means free from doubt, in our opinion, for a breach of the contract occurring at any time after the expiration of one year from its date, an action can be maintained for the recovery of the stipulated damages.

The claim that the contract shows no consideration for the promise not to again engage in practice can not be maintained. The second part of the contract contains the agreement of Martin for the payment of the consideration. The language used is general. He undertakes to pay certain sums of money, at certain times, and there is nothing to indicate that it is to be paid as a consideration for only a part of the appellee's undertakings. The only inference that can be drawn from the language used is that the money is to be paid as an entire consideration for each and all of the things purchased, including the promise not to practice. The second paragraph of the complaint avers that on a certain date, prior to the commencement of the suit, the appellee returned to Salem, and resumed there the practice of medicine, and was still engaged in such practice. We think it states a good cause of action, and that the court erred in sustaining the demurrer to it.

The judgment is reversed, with instructions to the circuit court to proceed in accordance with this opinion.

Filed Nov. 5, 1891.