No. 17,190.

## EISEL ET AL. *v.* HAYES.

CONTRACT.—*In Restraint of Trade.*—*Sufficiency of Consideration.*—The purchase of the stock in trade of a party is sufficient consideration for that party's agreement to abstain from carrying on the particular trade in the place where the purchaser is to engage in it.

SAME.—*In Restraint of Trade.*—*Consideration.*—In such a contract the parties are presumed, as in case of any other contract, in the abscence of fraud, to have determined the question of consideration for themselves, and the court will not determine its adequacy.

SAME.—*In Restraint of Trade.*—*When Enforceable.*—Where a contract in restraint of trade is sufficiently limited as to time and place, as not to be against public policy, and is free from fraud, it is enforceable. The fact that the restraint is indefinite in point of time does not invalidate the contract.

SAME.—*In Restraint of Trade.*—*As to Place.*—A contract in restraint of trade, which prohibits the vendor of a meat shop and stock in trade from engaging in such business at any place nearer than eleven miles to the place where the above-mentioned shop is situated, is not such restraint of trade as renders the contract void, considering the population of the territory embraced.

SAME.—*Can Not Do Indirectly What Can Not be Done Directly.*—The law will not permit one to do indirectly or through others what he could not do directly by himself.

From the Jackson Circuit Court.

*B. H. Burrell* and *F. Brannaman,* for appellants.

*O. H. Montgomery* and *D. A. Kochenour,* for appellee.

HOWARD, J.—This was an action brought by the appellee to restrain the appellant John Eisel, and the other appellants as his employes, from conducting a butcher business in the town of Brownstown and vicinity, in violation of an agreement made between the appellee and the said John Eisel.

The cause was submitted to the special judge below, and on the final hearing a decree was entered restraining the appellant John Eisel and the other appellants,

"as employes, agents, servants, or copartners of or with said John Eisel, from engaging in or in any manner carrying on the butcher business in Brownstown," etc., "so long as plaintiff, William H. Hayes, carries on the butcher business at Brownstown."

From a consideration of the record and the evidence, we are satisfied that the judgment should be affirmed, unless the contract upon which the complaint is based is itself unlawful.

The contract is as follows:

"STATE OF INDIANA, }
    "JACKSON COUNTY, }

"Agreement between John Eisel and W. H. Hayes, witnesseth:

"1st. Eisel sells and delivers to Hayes the following personal property, viz: 1 butcher's cooler, 1 meat rack (with hooks and pins), 2 meat saws, 2 butcher blocks and one counter, for which said Hayes pays cash in hand the sum of forty-five dollars ($45). And, it is further agreed as a part of this contract, that said Eisel is not to engage in the butcher business in Brownstown, nor nearer thereto than Seymour, Ind., nor sell any meat within that distance, during the time said Hayes carries on the butcher business in Brownstown, Indiana. Said sum of $45 is now paid by Hayes to Eisel.

"Witness our hands and seals this 20th day of March, 1893.

"JOHN EISEL, [Seal.]
"W. H. HAYES, [Seal.]"

Appellants contend that the contract does not show any consideration for their promise not to engage in the butcher business at the place and during the time named; that the forty-five dollars was given only for the implements purchased.

We are of opinion that the whole contract must be

taken together, and that the money paid by Hayes was for the transfer of not only the tools sold, but also the good-will promised. The contract is a unit. *Martin* v. *Murphy,* 129 Ind. 464.

Besides, "the mere purchase of the stock in trade of a party is a sufficient consideration for that party's agreement to abstain from carrying on the particular trade in the place where the purchaser is to engage in it." *Beard* v. *Dennis,* 6 Ind. 200.

In the absence of fraud, the parties are presumed, as in case of any other contract, to have determined the question of consideration for themselves, and the court will not determine its adequacy. *Duffy* v. *Shockey,* 11 Ind. 70.

It is also argued that the contract is illegal as being in restraint of trade. This objection is unfounded. There is no general restraint of appellant's right to engage in the butcher business. He merely engages, by his contract, not to enter into the business in Brownstown, nor nearer thereto than Seymour, eleven miles distant. This is not unreasonable as to place, considering the population of the towns named. Benj. Sales (4th Am. ed.), sections 520–527, and notes.

It is only when such contracts are against public policy that they will not be enforced. Otherwise, and in the absence of fraud, they are enforceable as other contracts.

The circumstance that the restraint is indefinite in point of time, viz.; "while Hayes carries on the butcher business in Brownstown," does not invalidate the contract. A contract of this nature, reasonable in other respects, is not void merely on the ground that the restriction is indefinite as to its duration. *Bowser* v. *Bliss,* 7 Blackf. 344; *Martin* v. *Murphy, supra.* See, also, the late En-

glish case of *Nordenfelt* v. *Maxim Nordenfelt, etc., Co.*, L. R. (1894), App. Cas. 535.

The restraint in this case, as fixed by the decree of the court, is against the appellant, John Eisel, alone. So far as the other appellants are concerned, the order affects them only as the agents or representatives of John Eisel. The law will not permit him to do, indirectly or through them, what he could not do directly by himself. On their own account, however, George and Adam Eisel, the other appellants, are in no manner restrained by reason of the contract, but may at any time engage in the butcher business in Brownstown or elsewhere.

The judgment is affirmed.

Filed April 4, 1895.