O'Neal *v.* Hines.

O'NEAL *v.* HINES.

[No. 17,750.   Filed May 8, 1896.]

PLEADING.—*Complaint.*—*Sufficiency Of.*—*Breach of Contract.*—A complaint alleging that plaintiff and defendant had been partners in business; that defendant for a certain consideration offered to surrender his interest in the firm to plaintiff, and not to engage in the business in the town so long as plaintiff continued in the business in said town; and for these considerations consummated the trade and fully complied with the agreement, sufficiently alleges a contract on defendant's part not to engage in such business.

CONTRACT.—*Restraint of Trade.*—*Indefiniteness Of.* —A contract not to engage in a certain business within a prescribed territory "so long as plaintiff remained in said business in said city," is not invalid because the restraint is indefinite as to time.

SAME.—*Restraint of Trade.*—*Statute of Frauds.*—An agreement not to engage in a rival business in a certain locality, so long as the other party remains in such business, is not within the statute of frauds.

SAME.—*Restraint of Trade.*—*Construction Of.*—In the sale by one partner of his interest in the partnership business to the other part-

O'Neal *v.* Hines.

ner, an agreement on the part of the former not to engage in a rival business in the locality, so long as the other remains in such business, as part of the consideration of the sale, is not invalid as unreasonable.

SAME.—*Restraint of Trade.—Injunction Restraining Breach Of.*— When one has made a valid contract with another that he will not engage in a certain business or occupation, and it is shown by the other party to the contract that the same is being violated to his injury, he is entitled to an injunction restraining the offending party, notwithstanding the offending party was at the time solvent.

PRACTICE.—*Harmless Error.—Special Finding.*—The erroneous overruling of a demurrer to a paragraph of the complaint is harmless, where the special finding follows and sustains the allegation of another paragraph, which is sufficient.

SPECIAL FINDINGS.—*Signature of Judge.—Sufficiency of Signing.*— The signature of the judge following the conclusions of law, is a sufficient signing of a special finding of facts, which precedes the conclusion of law.

From the Adams Circuit Court.  *Affirmed.*

*R. H. Hartford,* for appellant.

*T. Bosworth* and *O. H. Adair,* for appellee.

MONKS, J.—Appellee brought this action to enjoin appellant from engaging and continuing in the undertaking business in the city of Portland, Indiana. The complaint was in two paragraphs, to each of which a demurrer for want of facts was overruled. An answer of general denial was filed, the cause tried by the court, and at request of appellant, a special finding of the facts made and conclusions of law stated thereon; to each of which conclusions of law appellant at the time excepted.

The court, over a motion for a *venire de novo* and a motion for a new trial, rendered judgment in favor of appellee, enjoining appellant "from engaging and continuing in the undertaking business in the city of Portland, Indiana, so long as appellee shall continue in said business in said city."

O'Neal *v.* Hines.

Appellant assigns errors as follows:

First.    That the court erred in overruling the demurrer to the first paragraph of complaint.

Second.    That the court erred in overruling the demurrer to the second paragraph of complaint.

Third.    That the court erred in each of its conclusions of law.

Fourth.    The court erred in overruling the motion for a *venire de novo.*

Fifth.    The court erred in overruling the motion for a new trial.

One of the objections urged to the first paragraph of complaint is, that there is no averment that appellant agreed with appellee not to engage in the undertaking business in the city of Portland. It is shown by the allegations in the paragraph that such was the contract. It is alleged that appellant and appellee were partners in the undertaking business in the city of Portland, Indiana, and that appellant offered to appellee, "if he would give him $1,500.00, and deed appellant his interest in certain real estate and pay off a mortgage of $700.00, that appellant would surrender his interest in the firm to appellee and not go into the undertaking business again in the city of Portland so long as appellee remained in said business in said city. That upon these conditions the appellee and appellant consummated the trade and appellee fully complied with said agreement, and has ever since been engaged in said business."

When appellee accepted the offer made by appellant and paid the consideration as alleged, such offer, "not to engage in the business of undertaking in the city of Portland so long as appellee remained in said business in said city" became a contract, by which appellant was bound and for a breach of which he is liable.

It is next urged that the contract is unreasonable and void for the reason that the term, so long as appellee remained in said business in said city, is too indefinite. The fact that the restraint is indefinite as to time does not invalidate the contract. *Eisel* v. *Hays*, 141 Ind. 41; *Beatty* v. *Coble*, 142 Ind. 329; *Martin* v. *Murphy*, 129 Ind. 464; *Gill* v. *Ferris*, 82 Mo. 156; *Cook* v. *Johnson*, 47 Conn. 175; 36 Am. Rep. 64; 3 Am. and Eng. Ency. of Law, 882–885; *Bowser* v. *Bliss*, 7 Blackf. 344; 43 Am. Dec. 93; *Beard* v. *Dennis*, 6 Ind. 200; 63 Am. Dec. 380.

Neither does the want of an allegation, that appellant was insolvent, render said paragraph insufficient.

It is a general rule that when one has made a valid contract with another that he will not engage in a certain business or occupation, and it is shown by the other party to the contract that the same is being violated to his injury, he is entitled to an injunction restraining the offending party.

This is upon the ground that from the nature of the case, just and adequate damages cannot be estimated for a breach of the contract. *Baker* v. *Pottmeyer*, 75 Ind. 451, 460, *Martin* v. *Murphy*, *supra;* 10 Am. and Eng. Ency. of Law, 945–947.

If, however, the parties to such a contract agree upon a certain sum as liquidated damages for a breach of the contract, instead of leaving that question open and uncertain, the remedy is by an action to recover such sum. *Martin* v. *Murphy*, *supra*.

It is not necessary that such contracts should be in writing. *Welz* v. *Rhodius*, 87 Ind. 1, and cases cited; Greenhood Public Policy, 712.

Appellant insists that the second paragraph is not sufficient for the reason, "that the agreement alleged to have been made is not a reasonable one. That the only averment concerning the extent and nature of

the agreement not to re-engage in the undertaking business is as follows: 'Defendant accepted said sum and agreed with plaintiff (appellee) as a part of the consideration of said trade that he (appellant) would not work at or engage in the undertaking business again in the city of Portland, Indiana, so long as plaintiff (appellee) remained in the business.'"

The contracts in *Martin* v. *Murphy, supra; Bowser* v. *Bliss, supra,* and *Beard* v. *Dennis, supra,* were the same in this respect as the one in suit, and this court in those cases decided against the contention of appellant.

In *Cook* v. *Johnson, supra,* the court said: "But there is a well settled distinction between a general restriction as to *place* and a general restriction as to *time.* The mere fact that the duration of the restriction as to time is indefinite or perpetual will not of itself avoid the contract if it is limited as to place, and is reasonable and proper in all other respects. *Hitchcock* v. *Coker,* 6 Ad. and El. 437, 447; *Bunn* v. *Guy,* 4 East 190; *Chesman* v. *Nainby,* 2 Str. 739 ; s. c. c., 2 Ld. Raym. 1456 ; *Wickens* v. *Evans,* 3 Younge and Jerv. 318 ; *Mallen* v. *May,* 11 M. & W. 653; *Hastings* v. *Whitley,* 2 Exch. 611; Story Sales (1st. ed.), section 493; *Pierce* v. *Woodward,* 6 Pick. 206; *Bowser* v. *Bliss,* 7 Blackf. 344."

Besides, if it were conceded that the court erred in overruling the demurrer to the second paragraph of complaint, the error was harmless for the reason that the special finding follows and sustains the allegations of the first paragraph of complaint, which is sufficient.

The complaint is not insufficient on account of the objections alleged by appellant, and we think the court did not err in overruling the demurrer to each paragraph thereof.

What we have said concerning the complaint disposes of the questions presented concerning the conclusions of law.

It is urged by appellant that the special finding of facts is not signed by the judge, and that for this reason his motion for a *venire de novo* should have been sustained.

As shown by the record, the conclusions of law immediately follow the finding of facts, and the signature of the trial judge follows the conclusions of law.

We think that it was proper for the trial judge to sign the special findings, immediately following the conclusions of law, as was done in this case. The record contains the following entry: "Come the parties by their attorneys and the court files his special finding of facts and the conclusions of law thereon in these words, to-wit:" then follows the special finding, conclusions of law and signature of the trial judge. The finding of facts and conclusions of law in the case constitute one written instrument, signed and filed as such by the trial judge.

This court said in *Ferris* v. *Udell et al.*, 139 Ind. 579, on page 593: "No good reason is perceived why the signature of the judge may not follow the conclusions of law and constitute a sufficient signing by him of the special finding."

The motion for a *venire de novo* was properly overruled.

It is next claimed that the motion for a new trial should have been sustained, for the reason that the evidence given did not establish the contract as alleged. We have read the evidence and found that there is evidence sustaining every material allegation in the complaint.

But appellant insists "that the evidence of appellee shows that the agreement was that appellant was not

to go into the undertaking business again *at any place,* so long as appellee remained in the business in the city of Portland." The bill of exceptions containing the evidence shows that appellee testified that appellant agreed with him (appellee) not to go into the undertaking business in Portland, Jay county, Ind., so long as appellee remained in said business, in said city.

There is no available error in the record.

Judgment affirmed.