DUCKWALL v. REES ET AL.

[No. 17,782. Filed March 14, 1949.
Rehearing overruled June 3, 1949.
Transfer denied November 15, 1949.]

On Petition for Rehearing. *Petition overruled.*

(Note: Appellate Court recalled initial opinion filed March 14, 1949, and substituted following opinion, and cause was *remanded* with instructions. Opinion of

March 14, 1949, reported in 84 N. E. 2d 479, was superseded.)

*Fred E. Hines*; and *Christian & Waltz*, all of Noblesville, for appellant.

*Frank B. Russell*, of Tipton; *Griffin & Shumack*, of Sheridan; and *Campbell & Campbell*, of Noblesville, for appellees.

CRUMPACKER, J.—Upon consideration of the appellees' petition for a rehearing we have concluded to recall our initial opinion herein, filed March 14, 1949, and substitute the following therefor.

All appellees named in the caption hereof, except Ray A. Rees and Cloa Young, are nominal parties to this appeal and our use of the word "appellees" hereinafter will be understood to refer to said Rees and Young only.

At the instance of the appellees the Tipton Circuit Court decreed the specific performance of an executory contract for the sale of certain real estate in Noblesville, Indiana, in which contract the appellant was the party of the first part and the vendor, and the appellees were the parties of the second part and the vendees. The pertinent provisions of said contract are as follows: "It is hereby agreed that in the event either party fails to comply with the provisions of his contract, the party thus failing shall pay to the party of this contract ready to comply the sum of $500 as liquidated damages, and in the event the party of the First Part fails to comply with this contract he shall pay the party of the Second Part in addition to the sum of liquidated damages, the sum of $500 paid at the date of making this contract, the receipt of which is hereby acknowledged, as part of the purchase money for said premises."

Considering itself bound by the above provisions of the contract, the court, in addition to its decree of specific performance, awarded the appellees $500 damages for the appellant's failure and refusal to convey the property involved, free and clear of encumbrances, and deliver possession thereof on January 1, 1944, as provided by the terms of said agreement.

By exceptions to each of the court's conclusions of law stated on a special finding of facts, the appellant questions the equitable jurisdiction of the Tipton Circuit Court to decree specific performance. This contention is based on the proposition that the parties, by stipulating in the contract itself the amount of damages that should flow from its breach by either signatory, provided an adequate remedy at law.

As a general rule it may be said: "The courts assume, in almost every case in which action is brought to enforce specific performance of a contract for the sale of land or an interest therein, that money damages do not constitute an adequate remedy for the breach of such a contract." 49 Am. Jur., Specific Performance, § 92. As this court said in *Bauermeister* v. *Sullivan* (1928), 87 Ind. App. 628, 160 N. E. 105: "The reason for the rule is stated to be that damages are not regarded as the equivalent of the specific relief because the exact counterpart of any particular piece of real estate does not exist anywhere else in the world." Therefore it would seem that the value of the performance of an executory contract for the sale of specifically described real estate cannot be estimated in money with any degree of certainty and the inadequacy of the legal remedy, i.e., damages for its breach, is apparent and equity assumes jurisdiction as a matter of course or right. But where the parties themselves have obviated the inability of a court of law to assess adequate

damages by agreeing as to what such damages should be in the event of a breach by either, will a court of equity decree specific performance?

The Supreme Court of this state had this question squarely before it in the case of *Martin* v. *Murphy* (1891), 129 Ind. 464, 28 N. E. 1118. The proceeding was for injunctive relief but the principle involved is the same as that which confronts us in the present case. In determining the question the court said: "Generally, one who shows the violation of a valid contract between him and another, binding the other not to pursue a given occupation, and shows that by such violation of contract he is injured, is entitled to an injunction restraining the offending party. This is upon the ground that from the nature of such a case, just and adequate damages cannot be estimated for a breach of the covenant. . . . The parties to such a contract may, however, by its terms, agree upon stipulated damages which may be recovered for a breach of its conditions, instead of leaving that question open, uncertain and undetermined. When it appears that they have thus agreed upon the damages which may be recovered for a breach of the contract, the remedy is the recovery of the sum thus fixed. . . . Where the party complaining has an adequate legal remedy, injunction will not lie. . . . The sum fixed by the parties themselves in their contract will, in the absence of fraud, be deemed to be adequate and the proper measure of damages by the courts."

*Pomeroy's Specific Performance of Contracts* states the rule thus: "Where the parties to an agreement, whatever may be the subject-matter or the terms, have added a provision for the payment, in case of a breach, of a certain sum which is truly liquidated damages and not a penalty—in other words, where the contract stipulates for one of two things in

the alternative, the performance of certain acts, or the payment of a certain amount of money in lieu thereof— equity will not interfere to decree a specific performance of the first alternative, but will leave the injured party to his legal remedy of recovering the money specified in the second. The reason for this rule is, that the parties have formally agreed upon the compensation— have assessed the damages—and have thereby declared that an appeal to equity is unnecessary, since they have made the legal relief adequate. If the provision for a pecuniary payment is a penalty, however, it may be disregarded, and the substantial part of the agreement specifically enforced, provided it is one to which the equitable remedy can be applied." *Pomeroy's Specific Performance of Contracts*, § 50, p. 134.

We find an exhaustive note on the subject in 32 A. L. R. 584 from which it appears that the great weight of authority in this country sanctions specific performance where the sum of money mentioned in the contract, whether it be a penalty or liquidated damages, is intended to be mere security for the performance of the principle obligation. On the other hand, where the sum specified may be substituted for the performance of the act at the election of the person by whom the money is to be paid, or the act done, equity will deny specific performance and leave the aggrieved party to his remedy at law. Which of these types any given contract may be depends upon the intention of the parties as expressed in the whole instrument unless the terms thereof are so indefinite as to require a resort to extrinsic evidence.

The contract before us provides that in the event the vendor fails to convey the real estate described in accordance with its terms, he shall return the down payment of $500 together with an additional $500 as liquidated damages. In our opinion this

provision definitely characterizes the contract as one which contemplates the payment of the stipulated damages as an alternative to specific performance. The return of the down payment on the purchase price is incompatible with the idea that it was intended to be security for performance merely. Had such been the intention of the parties the vendor certainly would not have been required to return said down payment and thus require the vendees to tender it back, together with the unpaid balance, as a condition precedent to specific performance. It seems clear that the contract was intended by the parties to be an arrangement whereby the vendor, in the event he failed to convey as stipulated, could return the money he had received as a down payment of the purchase price, pay the damages as liquidated by the parties themselves and thus terminate the entire transaction. Such being the nature of the contract upon which the appellees rely, specific performance, as a remedy for its breach, is not open to them and it necessarily follows that the court's conclusions of law in reference thereto are erroneous. However we see no need for a new trial. Although the equity jurisdiction of the Tipton Circuit Court was invoked, that court has power to make a complete adjudication of all matters involved in the case and even though specific performance cannot be decreed it should grant such monetary damages as the appellees would have been entitled to recover at law in an action for breach of contract. 49 Am. Jur., Specific Performance, § 172, p. 195. The parties have agreed as to the amount of such damages and there remains nothing to be settled by further litigation. The cause is remanded with instructions to the court to restate its conclusions of law in such manner as to deny specific performance but sanction the appellees' right to recover damages in the sum of $1,000

of and from the appellant and enter judgment accordingly.

Petition for rehearing overruled.

NOTE.—Reported in 86 N. E. 2d 460.