**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank Antonio CHACON, Defendant-Appellant.**

**No. 29648.**

United States Court of Appeals, Fifth Circuit.

Jan. 7, 1971.

**412**

Frank A. Chacon, pro se.

Colbert N. Coldwell, El Paso, Tex., Victor V. Blackwell, Covington, La., for defendant-appellant.

Seagal V. Wheatley, U. S. Atty., Reese L. Harrison, Jr., Asst. U. S. Atty., W. D. of Texas, San Antonio, Tex., for appellee.

Before RIVES, AINSWORTH and MORGAN, Circuit Judges.

MORGAN, Circuit Judge.

After a jury conviction, the district court sentenced Frank Antonio Chacon to four years imprisonment for failing to report to his local selective service board for assignment for civilian work as a conscientious objector. Selective Service Act of 1967, 50 U.S.C. App. § 462(a). We affirm.

In June of 1968, appellant Chacon was given a conscientious objector classification (I–O) by Local Board No. 40, El Paso, Texas. Appellant took no administrative appeal from the I–O classification, but when the board sent him an application for civilian work he responded on December 27, 1968, with a letter requesting a ministerial exemption (IV–D) asserting his position of Book Study Servant in the Watchtower and Bible Tract Society (the incorporated title of the Jehovah's Witnesses' sect). In pertinent part the letter stated as follows:

> I am writing to inform you that I *cannot* accept any of the types of work which you have suggested, due to my status as a minister of the gospel. (original emphasis)

> My main effort in life is to preach Jehovah God's Kingdom, but I've also got to provide for my living needs and for my wife's and that is the reason I work.

> I am presently serving as a book study servant and have in my responsibility a group of brothers in my congregation to serve them in the better understanding of the Bible.

After receiving the letter the board met and considered the claim to the ministerial exemption and on February 4, 1969, refused to reopen the registrant's former classification as a conscientious objector. Pursuant to the board's refusal to reopen and change his I–O status, appellant was ordered to report for civilian work at Big Spring Hospital in Big Spring, Texas, on June 10, 1969. Chacon deliberately failed to obey the local board's order by declining to report for civilian work resulting in his conviction under the Selective Service Act, supra.

On this appeal, Chacon urges that the aforementioned letter presented facts "which, if true, would justify a change in the registrant's classification. * * * ", 32 C.F.R. § 1625.2 (1967), and that under the standards promulgated in Mulloy v. United States, 1970, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362, the local board abused its discretion by declining to reopen the I–O classification. However, to obtain a ministerial exemption, the registrant bears the burden of clearly establishing that the religious affairs occupy a substantial part of his time and are carried on with regularity; that he is recognized by his organization as a minister and leader of a group of lesser members of the faith; and that the ministry is a vocation rather than an avocation. Robertson v. United States, 5 Cir., 1969, 417 F.2d 440 (and cases cited therein); Fitts v. United States, 5 Cir., 1964, 334 F.2d 416; Selective Service Act of 1967, 50 U.S.C. App. § 466(g) (2). Applying these guidelines and cognizant of our duty not to disturb a board decision unless it lacks a basis in fact, Fitts v. United States, supra, we hold appellant's letter of December 27, 1968, did not apprise the board of facts which, if true, would require a change in the registrant's classification. On the contrary, appellant has cited no cases and we have been unable to discover any decision which requires reopening of a classification where the registrant pressed his claim for a new draft status with a mere letter, vague in content and unsupported by affidavits or other evidence of the essential qualifications for the desired exemption.

Neither is appellant's case aided by this court's decision in Wiggins v. United States, 5 Cir., 1958, 261 F.2d 113, which held only that the local draft board could not use the absence of a ministerial salary as the basis for denying a IV–D exemption. See, for example, McCoy v. United States, 5 Cir., 1968, 403 F.2d 896.

Appellant's contention that his Sixth Amendment right to counsel was violated because the Selective Service Regulations, 32 C.F.R. § 1624.1(b) (1967), prohibit representation by an attorney before the local board is without merit since draft board proceedings are not stages in a criminal prosecution which necessitate such constitutional protection. Robertson v. United States, supra; McCoy v. United States, supra.

Finally, appellant complains of a variance between the indictment and the proof, i. e., that he was indicted for failure to comply on June 10, 1969, with an order of Local Board No. 40 when in fact he was registered with Local Board No. 235 on that date. This contention is without substance since the difference in board numbers was but a technicality resulting from the decentralization of draft boards in the El Paso area. Appellant suffered no prejudice simply because his draft board was decentralized and its number thereby changed four days before he was required to report for civilian employment.

Affirmed.