**Samuel W. FLETCHER and Charlotte D. Fletcher, Plaintiffs-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 18107.**

United States Court of Appeals, Seventh Circuit.

Jan. 13, 1971.

Rehearing Denied Feb. 22, 1971.

William C. Lee, U. S. Atty., Fort Wayne, Ind., Johnnie M. Walters, Asst. Atty. Gen., Tax Div., Lee A. Jackson, William A. Friedlander, and John A. Townsend, Attys., U. S. Dept. of Justice, Washington, D. C., for defendant-appellant; Alfred W. Moellering, U. S. Atty., of counsel.

John D. Shoaff, Shoaff, Keegan, Baird & Simon, Fort Wayne, Ind., for plaintiffs-appellees.

Before HASTINGS, Senior Circuit Judge and FAIRCHILD and KERNER, Circuit Judges.

PER CURIAM.

An action for the refund of federal income taxes paid for the years 1957 and 1958 was brought in the district court[1] by Samuel W. Fletcher and Charlotte D. Fletcher, husband and wife,[2] against the United States of America. Following a bench trial, the district court found for the taxpayer and judgment for refund was entered. Government appealed. We affirm.

Briefly stated, the action below was concerned with the proper treatment for tax purposes of the gain arising from the sale of shares of stock in a life insurance company. On May 9, 1957, taxpayer executed a written contract for the purchase of the stock at an agreed price under the terms and conditions therein set out. On August 9, 1957, taxpayer paid the balance due under the contract, both the seller and buyer having fully complied with its terms. Taxpayer sold this stock at a gain on November 13, 1957, and reported such gain as a long term capital gain. Subsequently, the Commissioner of Internal Revenue determined the gain was a short term capital gain and assessed a deficiency, plus interest. Taxpayer paid the deficiency in full and his claim for refund was disallowed. The pending litigation ensued.

The ultimate question resolved by the district court was "the determination of the date on which taxpayer's holding period for the stock began." That is, if the holding period began more than six months prior to November 13, 1957, the undisputed date on which taxpayer sold the stock, taxpayer should prevail; otherwise not.

In a well reasoned memorandum opinion[3] encompassing a careful review of the contract, the oral evidence to determine the intention of the parties and a thorough research of applicable law, the district court held "that taxpayer's holding period began on May 9, 1957 and that he was not acting as an agent." On appeal, the Government challenges only the first ground of this holding.

We have concluded that the memorandum opinion of Judge Eschbach fully and correctly finds the relevant facts in

---

1. The United States District Court for the Northern District of Indiana, Honorable Jesse E. Eschbach, Judge presiding.

2. Charlotte D. Fletcher is a party to this action solely because she filed joint tax returns for the taxable years with her husband. Samuel W. Fletcher will be referred to as "taxpayer."

3. Reported as Fletcher v. United States, D.C.N.D.Indiana, 303 F.Supp. 583 (1967).

this case; properly applies the correct legal criteria; and with one exception, hereinafter noted, fully and adequately determines the issues on appeal.

For the first time on this appeal the Government urges that, under the law of Indiana, a valid liquidated damages provision, establishing liquidated damages recoverable in the event of default by a buyer, precludes the seller from obtaining specific performance and thereby converts the contract into an option. In short, it argues, that Paragraph 7 of the contract [4] provided taxpayer with the option of performing the contract (buying the stock) or paying the stipulated damages and thereby aborting his promise to buy. In the latter event, the contention is that the buyer did not acquire substantial equitable rights in the stock at the time of the execution of the contract of sale because it "had not attained the status of 'sale' for tax purposes."

All parties agree that Indiana law applies. The Government relies on the two Indiana cases of Martin v. Murphy, 129 Ind. 464, 28 N.E. 1118 (1891) and Duckwall v. Rees, 119 Ind.App. 474, 86 N.E. 2d 460 (1949). We do not agree that these cases dictate a holding that the instant contract is an option agreement rather than a binding contract of sale because it contained a liquidated damages clause.

In *Martin* and *Duckwall, supra,* the contracts had been breached and the liquidated damages clauses were found to have created an adequate remedy at law. In the instant case we conclude that the trial court, after hearing the extraneous evidence, properly found that the intention of the parties was that the liquidated damages clause, as finally adopted, was made a part of the agreement for the benefit of the seller of the stock and not of the buyer. Further, we find no Indiana case holding that a right to specific performance is a prerequisite to the passage of equitable title.

We need not cite the long list of Indiana cases holding that contracts not specifically enforceable leave the injured party to his remedy in damages. This is a far cry from conversion to an option agreement. It should be noted that Indiana does not adhere to the doctrine of mutuality of remedies in cases of specific performance. Foltz v. Evans, 113 Ind.App. 596, 609–610, 49 N.E.2d 358, 363–364 (1943).

The Government criticizes the reference to *Duckwall, supra,* as authority for consideration of the intention of the parties as being a controlling factor in the determination of the effect of a liquidated damages clause. We disagree. *Duckwall* in no sense is an attempt by the Indiana Appellate Court to overrule the Indiana Supreme Court in *Martin, supra.* It is but another statement of a basic principle of law that title to specific or ascertained goods passes when the parties so intend. See Ax v. Schloot, 116 Ind.App. 366, 372, 64 N.E.2d 668, 670 (1945). It was later adopted in the Indiana Uniform Sales Act [5] which was in effect at the time the subject transaction took place, later superseded by the Uniform Commercial Code.

We conclude, therefore, that the decision of the district court is in all respects in harmony with the law of Indiana.

We adopt the memorandum decision of the learned district court as the opinion of this court, and upon it as authority, with the foregoing additional conclusions, affirm the judgment from which this appeal is taken.

Affirmed.

---

4.   The contract is set out in full in the district court's memorandum decision.

5.   "Burns 58–202. (Acts 1929, chapter 192, paragraph 18, page 635). *Property in specific goods passes when parties so intend.* (1) Where there is a contract to sell specific or ascertained goods, the property in them is transferred to the buyer as such time as the parties to the contract intend it to be transferred.
(2) For the purpose of ascertaining the intention of the parties, regard shall be had to the terms of the contract, the conduct of the parties, usages of trade and the circumstances of the case."