**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank Antonio CHACON, Defendant-Appellant.**

**No. 29648.**

United States Court of Appeals, Fifth Circuit.

June 9, 1971.

Frank A. Chacon, pro se.

Colbert N. Coldwell, El Paso, Tex., Victor V. Blackwell, Covington, La., for appellant.

Seagal V. Wheatley, U. S. Atty., El Paso, Tex., Reese L. Harrison, Jr., Asst U. S. Atty., San Antonio, Tex., for appellee.

ON PETITION FOR REHEARING
of 436 F.2d 411.

Before RIVES, AINSWORTH, and MORGAN, Circuit Judges.

PER CURIAM:

It is ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby denied.

RIVES, Circuit Judge (dissenting on petition for rehearing):

Further study has convinced me that Chacon's letter to his draft board met the requirements of Mulloy v. United States, 1970, 398 U.S. 410, 416, 90 S.Ct. 1766, 1771, 26 L.Ed.2d 362.

"Where a registrant makes nonfrivolous allegations of facts that have not been previously considered by his board, and that, if true, would be sufficient under regulation or statute to warrant granting the requested reclassification, the board must reopen the registrant's classification unless the truth of these new allegations is concusively refuted by other reliable information in the registrant's file."

Reiterating, the draft board must reopen a registrant's classification if he alleges facts which (a) are not frivolous, (b) have not been previously considered by the board, and (c) are not conclusively refuted by other evidence in his file; provided such facts, if true, would warrant the granting of the requested classification.

There is no contention that Chacon's allegations had been previously considered by the board. The Government has not pointed to other evidence in Chacon's

Selective Service file which would conclusively refute his claim.[1] Nor can Chacon's claim be dismissed as "frivolous." *Mulloy's* use of the term "nonfrivolous" speaks only of the truth of the factual allegations.[2] The Government has not challenged the truth of the allegations in Chacon's letter. It is not sufficient for the board simply to disbelieve the registrant. Wiggins v. United States, 5 Cir. 1958, 261 F.2d 113, 115. The board's refusal to reopen Chacon's classification could not properly be based on a finding that his factual allegations were frivolous as facts.

Instead, the question is—were the allegations otherwise frivolous or in other words would the allegations in Chacon's letter warrant a granting of the requested classification?[3]

"Regular" or "duly ordained" ministers, granted exemptions by 50 U.S.C. App. § 456(g), are defined by 50 U.S.C. App. § 466(g)(1)–(3) Section 466(g)(3) excepts from exempted status a registrant who "may have been duly ordained a minister in accordance with the ceremonial, rite, or discipline of a church * * *, but who does not regularly, as a vocation, teach and preach the principles of religion and administer the ordinances of public worship as embodied in the creed or principles of his church * * *."

As a Jehovah's Witness, Chacon had to meet the dictates of this statute. Prior litigation has added a judicial gloss to the statutory language. The registrant must have the ministry as a vocation, not merely an avocation, must spend a substantial amount of his time in religious duties, and must stand in relation to a group in his congregation as a leader. Fitts v. United States, 5 Cir. 1964, 334 F.2d 416, 421; Robertson v. United States, 5 Cir. 1969, 417 F.2d 440. The requirements of spending a certain amount of time and standing in the position of a shepherd to a flock developed from the statutory requirement that the activities be regular and that the registrant administer the ordinances of public worship.

The claims of Jehovah's Witnesses to ministerial exemptions have often made their way into this Court. Wiggins v. United States, *supra;* Robertson v. United States, *supra*; McCoy v. United States, 5 Cir. 1968, 403 F.2d 896; Matyastik v. United States, 5 Cir. 1968, 392 F.2d 657. None of the cases hold that a ministerial deferment granted to a book study servant would not be justified. All that may be said of the previous cases is that a board's denial of a ministerial exemption to persons with more responsibility than that of a book study servant would not be upset by judicial review.[4]

---

1. The only evidence in his life bearing on this is that Chacon had for some time been engaged in full-time secular employment. Since Wiggins v. United States, 5 Cir. 1958, 261 F.2d 113, held that a person employed 40 hours per week at a secular job could qualify for a ministerial exemption, the sole fact of Chacon's secular employment cannot be said to conclusively refute his claim.

2. Under the *Mulloy* formula, a claim for reclassification which the board considered frivolous for reasons other than falsity of its factual allegations would also be denied, but on the ground that the claim is not "sufficient under regulation or statute to warrant granting the requested reclassification."

3. A caveat is required. In our original opinion in this case we stated:

"[W]e hold appellant's letter of December 27, 1968 did not apprise the board of facts which, if true, would *require* a change in the registrant's classification." (Emphasis supplied.) 436 F.2d p. 413. This, as can be readily seen, imposes a far heavier burden on the registrant than does the language of *Mulloy*, which demands only that facts be shown which would warrant a reclassification.

4. *Robertson* sustained the denial of a ministerial exemption for a Vacation Pioneer who worked less than 100 hours per month in religious duties. *Wiggins* held a ministerial exemption was improperly denied to a Book Study Conductor who worked only an average of 38 hours per month in religious duties which included instruction in the Bible, preaching on street corners and house calls, training

But this is because the board's decision must be sustained if it has a basis in fact. Clark v. Gabriel, 1968, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418. A board decision made in conformity with Selective Service regulations is final even if it is erroneous. *Robertson, supra,* 417 F.2d at 445. As aptly noted in *Robertson,* judicial review of draft board decisions is the narrowest known to law.

Chacon did not state in his letter the exact nature of his duties, the hours he worked or how his congregation was composed, but the board could not refuse to reopen his classification on the ground of a lack of such specificity. In United States v. Grier, 4 Cir. 1969, 415 F.2d 1098,[5] such specificity was not required in the case of a registrant seeking a reopening of his classification because of a hardship deferment. As recognized in our original opinion, 436 F.2d 413, draft boards deal with youthful laymen—not men trained in law. It would be anomalous for draft boards and courts to require of such laymen more precise and specific allegations than are required of lawyers in the kind of notice pleading permitted by our Federal Rules of Civil Procedure. In my opinion, both the draft board and our original opinion failed to recognize the "crucial difference between such board action [denying the requested reclassification after a reopening and a new consideration] and a simple refusal to reopen the classification at all." Mulloy v. United States, *supra,* 398 U.S. at 414, 90 S.Ct. at 1770. I would conclude as did the Supreme Court in *Mulloy:*

"Since the petitioner presented a nonfrivolous, prima facie claim for a change in classification based on new factual allegations which were not conclusively refuted by other information in his file, it was an abuse of discretion

---

others and transporting them to religious assemblies. A local board's grant or refusal of a ministerial exemption at either end of the scale can be sustained by the courts, if the board's decision conforms

for the board not to reopen his classification, thus depriving him of his right to an administrative appeal. The order to report for induction was accordingly invalid, and his conviction for refusing to submit to induction must be reversed."

398 U.S. at 418, 90 S.Ct. at 1772.

I respectfully dissent.

---

with Selective Service procedures and has a "basis in fact."

5. A case cited in Mulloy, *supra,* 398 U.S. at 415, n. 3, 90 S.Ct. at 1771.