## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 16 2018, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEY FOR APPELLEE

Leanna Weissmann
Lawrenceburg, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Timothy Probst,

*Appellant-Plaintiff/Counterclaim-Defendant,*

v.

Jason Probst,

*Appellee-Defendant/Counterclaimant.*

April 16, 2018

Court of Appeals Case No.
15A01-1709-PL-2061

Appeal from the Dearborn
Superior Court

The Honorable Jonathan N.
Cleary, Judge

Trial Court Cause No.
15D01-1412-PL-76

**Bailey, Judge.**

# Case Summary

Timothy Probst ("Tim") initiated litigation against his brother, Jason Probst ("Jason"), alleging breach of an oral agreement to convey farm land to him as a co-owner. Tim sought the equitable remedy of specific performance and, in the alternative, sought compensation under a theory of unjust enrichment. Following a bench trial, the trial court ruled against Tim on these claims. Tim now appeals, presenting three issues, which we consolidate and restate as a single issue: whether the trial court erred in denying Tim's requests for relief.[1]

We affirm.

# Facts and Procedural History

This litigation involves farm land in Aurora that previously belonged to the brothers' deceased uncle, Gary Probst ("Gary"). During 2007 proceedings concerning Gary's estate, interested parties reached a settlement agreement whereby Jason would receive the land in exchange for paying several obligations. Around this time, Jason and Tim agreed to farm the land together for a profit, and the brothers took steps to secure a $180,000 loan that would cover Jason's new obligations; Tim pledged collateral, and the brothers executed a bank note as general partners. Thereafter, Jason received the land

---

[1] In addition to ruling against Tim on the merits, the trial court articulated an additional basis for its decision—namely, that Tim was judicially estopped from asserting an interest in the land. The parties direct argument to the issue of judicial estoppel, however, we need not address this additional basis.

by Personal Representative's Deed, and the brothers began farming together. At some point, Tim bought a mobile home and moved onto the land. He also began storing equipment on the land for his own ongoing excavating business.

[4] The brothers continued farming together until a disagreement in 2014, which led to Tim filing the instant lawsuit on December 17, 2014. Tim alleged that there was an oral agreement to co-own the land under which Jason was obligated to add Tim's name to the deed "at a later date." App. Vol. II at 7. According to Tim, Jason had breached the oral agreement by refusing to convey the land to him as a co-owner. Tim requested the equitable remedy of specific performance. In the alternative, he sought compensation, alleging that Jason had been unjustly enriched by Tim's payments toward the loan "plus other expenses and time in maintaining the farm." *Id.* at 8. Jason then counterclaimed, seeking (1) an accounting for the partnership and (2) an order ejecting Tim from the land.

[5] The trial court eventually conducted a bench trial, after which it ruled against Tim on his claims, and denied Jason's request for an accounting. The trial court also entered an ejectment order, which was stayed pending this appeal.

# Discussion and Decision

[6] Neither party requested special findings and conclusions under Trial Rule 52(A), and the trial court did not designate any portion of its order as special findings and conclusions. Rather, the court enumerated paragraphs in which it

largely provided a recitation of the evidence presented at the hearing, observing that various witnesses "testified" to certain facts. Yet, statements of this kind do not constitute findings of fact, and we treat such evidentiary recitations as mere surplusage. *See Perez v. U.S. Steel Corp.*, 426 N.E.2d 29, 33 (Ind. 1981); *Garriott v. Peters*, 878 N.E.2d 431, 438 (Ind. Ct. App. 2007), *trans. denied*.

[7] In the absence of special findings, we apply a general judgment standard of review. *Perdue Farms, Inc. v. Pryor*, 683 N.E.2d 239, 240 (Ind. 1997). Under this standard, we presume that the court correctly followed the law, and we do not reweigh the evidence or reassess the credibility of witnesses. *Id.* We will affirm if the judgment is "sustainable upon any theory consistent with the evidence." *Id.* Moreover, because it was Tim's burden to prove entitlement to relief, he now appeals from a negative judgment. *See Burnell v. State*, 56 N.E.3d 1146, 1149-50 (Ind. 2016). "On appeal from a negative judgment, this Court will reverse the trial court only if the judgment is contrary to law. A judgment is contrary to law if the evidence leads to but one conclusion and the trial court reached an opposite conclusion." *Id.* (citation omitted).

## Specific Performance

[8] "We review a trial court's decision to grant or deny specific performance for an abuse of discretion—that is, for whether the decision is 'clearly against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law.'" *Fulp v. Gilliland*, 998 N.E.2d 204, 210 (Ind. 2013) (citation omitted) (quoting *State v. Willits*, 773 N.E.2d 808, 811 (Ind. 2002)).

[9]     Specific performance is an equitable remedy that is available when monetary damages do not adequately redress the breach of an agreement. *Duckwall v. Rees*, 119 Ind. App. 474, 477-78, 86 N.E.2d 460, 461-62 (1949). Yet, the Statute of Frauds generally prohibits the enforcement of oral agreements involving the sale of land. *See* Ind. Code § 32-21-1-1(b). Tim concedes that to obtain specific performance, he must overcome the Statute of Frauds; he focuses on whether Jason's alleged oral promise is enforceable under the doctrine of promissory estoppel. This equitable doctrine provides an exception to the Statute of Frauds, and requires that the plaintiff demonstrate—among other things—that the defendant made a promise that induced reasonable reliance. *See Spring Hill Developers, Inc. v. Arthur*, 879 N.E.2d 1095, 1100 (Ind. Ct. App. 2008).

[10]    Here, however, the evidence favorable to the judgment indicates that Jason never promised co-ownership. Tr. at 187 ("He was never supposed to be on the deed. I mean, that's a fact. There's no doubt. There was nothing promised to him by me."). Thus, because there was conflicting evidence concerning the existence of a promise from Jason, we cannot say that the trial court's decision to deny specific performance was contrary to law.

## Unjust Enrichment

[11]    Where there is no contract between the parties, a plaintiff may nevertheless seek compensation by claiming unjust enrichment—a theory of recovery also known as quantum meruit or quasi-contract. *Zoeller v. E. Chi. Second Century, Inc.*, 904 N.E.2d 213, 220-21 (Ind. 2009). To recover, "the plaintiff must show that (1)

he rendered a measurable benefit to the defendant at the defendant's express or implied request; (2) he expected payment from the defendant; and (3) allowing the defendant to retain the benefit without restitution would be unjust." *Neibert v. Perdomo*, 54 N.E.3d 1046, 1051 (Ind. Ct. App. 2016).

[12] Tim argues that the trial court should have awarded him compensation for improvements to the land and payments toward the loan obligation. Yet, Tim was positioned to benefit from this informal arrangement. Indeed, there is evidence indicating that Tim aspired to grow the farming operation and eventually reap profits from the land. By physically and financially helping to improve the land for farming, Tim furthered his partnership interest—and he bore the risk of making these contributions without the protection of a long-term farm lease. Furthermore, by making loan contributions, Tim hedged against Jason losing the farm and thereby Tim's base of operations. This base provided Tim with land on which he could live, run his excavating business, and graze his cattle for several years—all without paying rent. Finally, to the extent Tim sought compensation for digging ponds and installing a water trough, the evidence indicates that Tim took these actions against Jason's wishes.

[13] In light of evidence indicating that Jason was not unjustly enriched, we cannot say that the trial court's decision was contrary to law.

# Conclusion

The court did not err in declining to grant the relief sought by Tim.

Affirmed.

Crone, J., and Brown, J., concur.